Carol Ellen GLAMANN, Plaintiff-Respondent-Petitioner,

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY, and Carl F. Anderson, Defendants-Appellants.

Supreme Court

*No. 85–2266. Argued April 25, 1988.—Decided June 28, 1988.*

(Also reported in 424 N.W.2d 924.)

For the plaintiff-respondent-petitioner there were briefs by *William Smoler* and *Smoler & Albert, S.C.,* Madison and oral argument by *William Smoler.*

For the defendants-appellants there was a brief by *Carroll Metzner, Virginia L. Newcomb* and *Bell, Metzner & Gierhart, S.C.,* Madison, and oral argument by *Virginia L. Newcomb.*

WILLIAM A. BABLITCH, J.   Carol Ellen Glamann (Glamann) seeks review of that portion of a

court of appeals' decision which denied her award of attorney's fees for legal expenses she incurred in proving an employment discrimination claim within a legal malpractice action. Glamann also challenges the court of appeals' denial of appellate attorney's fees for appellate work relating to the underlying discrimination claim.

The court of appeals concluded that attorney fees for the underlying discrimination claim were barred on the ground that Glamann failed to submit her claim for reasonable attorney's fees to the jury for determination. Additionally, the court rejected Glamann's request for appellate attorney's fees based on its conclusion that appellate fees were not available by statute or otherwise authorized. We disagree.

In a legal malpractice action involving an underlying employment discrimination claim, we conclude that the question of reasonable attorney's fees for the underlying claim should be determined by the court as a matter of law because of the court's special expertise in assessing legal fees for a case within a case. Further, in accordance with Wisconsin's policy of making victims of employment discrimination "whole," we conclude that Glamann is entitled to appellate attorney's fees for that portion of the appellate work related to the underlying discrimination claim.

Accordingly, the decision of the court of appeals regarding the availability of both trial and appellate attorney's fees is reversed. The circuit court's award of attorney's fees is reinstated and the cause is remanded for further proceedings consistent with this opinion.

The facts are not disputed. Glamann brought a legal malpractice action against her former attorney, Carl Anderson (Anderson), for his failure to file an

employment discrimination claim on her behalf against her employer, Command Performance. Anderson had failed to bring the action before the state and federal statutes of limitation had lapsed.

A three and one-half day jury trial on Glamann's malpractice claim was held in Dane county circuit court before Judge Moria G. Krueger. The jury found that Anderson was negligent in handling Glamann's claim and that Command Performance had unlawfully discriminated against Glamann by both reducing her hours and discharging her. The jury awarded Glamann $2,200 in damages.

In motions after the verdict, Glamann requested a change in the damage award, to include attorney's fees for the work performed in the underlying discrimination claim and interest on the damage award. The circuit court increased the damage award, awarded interest and permitted application for attorney's fees and costs.

Glamann subsequently filed an application for attorney's fees and costs for the legal work performed in establishing the underlying discrimination claim. The circuit court offered Anderson an opportunity to request an evidentiary hearing on the reasonableness of the attorney's fees. However, the record does not reflect that Anderson ever requested a hearing. The circuit court then granted Glamann's application for costs and attorney's fees, totaling $13,780.31, and added these expenses to the damage award.

Anderson appealed the circuit court's judgment and damage award on several grounds. These grounds included the following: that the evidence did not support a finding of discrimination under the Wisconsin Fair Employment Act (WFEA), that the increase in the damage award was unwarranted, that prejudg-

ment interest is not awardable in a legal malpractice case and that Glamann failed to submit the question of reasonable attorney's fees to the jury for consideration. Glamann, in turn, brought a motion to remand to the circuit court for a determination of reasonable appellate attorney's fees.

The court of appeals rejected Anderson's claim that there was insufficient evidence to support a finding of discrimination and an award of interest. However, the court found that the circuit court erred in increasing the jury's award and reinstated the jury's original damage award. Additionally, the court of appeals concluded that the circuit court erred in awarding attorney fees, noting that the question of reasonable attorney's fees should have been submitted to the jury rather than to the court for determination. Finally, the court of appeals concluded that appellate attorney's fees were not recoverable because they were neither authorized by statute nor incurred as a result of "any wrongful act by Anderson." Judge Sundby dissented, concluding that attorney's fees for the underlying discrimination claim were properly determined by the circuit court and that appellate attorney's fees related to the discrimination claim were recoverable.

Glamann subsequently filed a petition to review with this court. The petition was granted on September 15, 1987, to review the issues pertaining to recovery of attorney's fees.

We first consider whether Glamann's claim for reasonable attorney's fees in the underlying employment discrimination case should have been submitted

to the jury as part of its determination of damages or determined by the circuit court as a matter of law.[1]

■ To establish causation and injury in a legal malpractice action, the plaintiff is often compelled to prove the equivalent of two cases in a single proceeding or what has been referred to as a "suit within a suit." *Lewandowski v. Continental Casualty Co.,* 88 Wis. 2d 271, 277, 276 N.W.2d 284 (1979); *Helmbrecht v. St. Paul Ins. Co.,* 122 Wis. 2d 94, 103, 362 N.W.2d 118 (1985). This entails establishing that, "'but for the negligence of the attorney, the client would have been successful in the prosecution or defense of an action.'" *Lewandowski,* 88 Wis. 2d at 277, citing 7 Am. Jur. 2d, *Attorneys at Law,* sec. 188 at 156 (1963). In the present case, this meant that Glamann had to prove she was discriminated against by her employer in violation of the Wisconsin Fair Employment Act (WFEA). Glamann prevailed in this claim and was awarded damages by the jury.

As a prevailing plaintiff under the WFEA, Glamann was also entitled to recover reasonable attorney's fees incurred in prosecuting the employment discrimination claim. *Watkins v. LIRC,* 117 Wis. 2d 753, 345 N.W.2d 482 (1984). She brought a post-verdict motion to recover her legal fees, which was subsequently granted by the circuit court. This procedure is consistent with that employed in the administrative process, where reasonable attorney's fees are determined by the hearing examiner. *Id.* The court of

---

[1]The question before this court is not, as defendants contend, whether attorney's fees are awardable for the underlying discrimination claim. Defendants had the opportunity to raise this challenge during the circuit court proceedings. Rather, our inquiry focuses on the amount of fees recoverable.

appeals reversed the award of attorney's fees, however, concluding that because the discrimination claim is an underlying claim to the malpractice action, a tort action, the principles of tort law control. Thus, the issue of attorney's fees should have been submitted to the jury as part of its determination of damages.

While we acknowledge that the proper procedure for determining damages in a tort action is to submit all questions of damages to the jury for determination, we have also recognized the unique character of a legal malpractice action involving a case within a case. In regard to such actions, we have stated that the procedure for ascertaining liability and damages must be flexible to accommodate individual cases.

> "The general rule should be adapted to the facts of the particular case so that it effects a fair balance between the rights and burdens of both the client and the lawyer who negligently conducts litigation on his client's behalf. Situations can be readily conceived where it would be difficult to determine the value of an original action which could not be tried, but it is the duty of the courts to fashion a remedy as best they can when those situations are presented." *Lewandowski,* 88 Wis. 2d at 281.

■ Because of the added complexity of determining reasonable attorney's fees in the present case, where the fees were incurred in an underlying employment discrimination claim within the legal malpractice action, we conclude that the circuit court properly decided the question of reasonable attorney's fees as a matter of law. The circuit court could most efficiently and with the greatest expertise gauge the quality of

legal services rendered, the difficulty of the work, and the amount of time invested by the attorney. *See Tesch v. Tesch,* 63 Wis. 2d 320, 334–35, 217 N.W.2d 647 (1974) (noting that court's expertise in evaluating the reasonableness of fees for legal services rendered such that an adversary presentation on the matter is unnecessary); *Ayala v. Centerline, Inc.,* 415 N.W.2d 603, 605 (Iowa 1987).

Furthermore, we do not believe that this procedure imposed any hardship on the parties defending against the malpractice claim. In the instant case, the defendants Anderson and St. Paul Fire and Marine Insurance Co. had the opportunity to request an evidentiary hearing to challenge the reasonableness of the requested attorney's fees but, according to the record, failed to do so.

We also reject Anderson's assertion that the circuit court's method of determining reasonable attorney's fees was improper. Anderson maintains that the attorney's fees for the employment discrimination claim should have been based on an objective standard of "what a reasonable hearing examiner would have awarded" rather than on the circuit court's assessment of the actual legal expenses incurred in proving the underlying claim.

We conclude that the actual time spent litigating the discrimination claim is the best measure of the legal fees incurred rather than an estimate based on what a reasonable hearing examiner would have awarded. The latter method requires the court to speculate about the number of motions brought in an administrative proceeding, the length of the administrative process and other considerations not capable of actual assessment. By examining the actual fees

incurred in prosecuting the discrimination claim, the court can avoid this speculation and uncertainty. Accordingly, we reinstate the circuit court's award of reasonable attorney's fees based on the actual fees incurred in proving the employment discrimination claim. *See First Wisconsin Nat. Bank v. Nicolaou,* 113 Wis. 2d 524, 537, 335 N.W.2d 390 (1983); *Standard Theatres v. Transportation Dept.,* 118 Wis. 2d 730, 747, 349 N.W.2d 661 (1984).

We now turn to the question of the availability of appellate attorney's fees for appellate work performed in relation to the underlying employment discrimination claim of a malpractice action. Under the "American rule" of costs, adhered to in the United States, a prevailing litigant is ordinarily not entitled to collect a reasonable attorney's fees from the opposing party as part of his or her damages or costs. *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 241, 247 (1975). While this is the applicable rule in Wisconsin, this court has recognized various exceptions to and modifications of the rule. Specifically, in *Watkins* we held, consistent with the purposes of the WFEA of making victims of discrimination "whole" and discouraging discriminatory practices in employment, that a prevailing plaintiff must be able to recover reasonable attorney's fees. *Watkins,* 117 Wis. 2d at 764. This award includes recovery of any appellate attorney's fees arising from the discrimination claim. *Id.* at 766.

Although Anderson concedes the availability of appellate fees in an administrative proceeding such as in *Watkins,* he maintains that the *Watkins* rule has no application to an action in tort. He further asserts that because the issues appealed relate solely to the malpractice action, Glamann's appellate fees are not

recoverable. The court of appeals adopted this position, concluding that appellate attorney's fees in a malpractice action were not recoverable by statute or otherwise.

To treat the instant case as simply a tort action, however, ignores the case within a case nature of this malpractice action. Glamann must prove that she was unlawfully discriminated against by her employer, in violation of the WFEA, in order to prevail in her malpractice claim against Anderson. Because Glamann prevailed in her discrimination claim, under *Watkins* she is entitled to reasonable attorney's fees incurred in proving employment discrimination, including her appellate attorney's fees.

██

It would be both inconsistent and a violation of *Watkins* to award attorney's fees for proving an underlying discrimination claim within a malpractice action and yet deny appellate fees in the same malpractice action for appellate work related to the discrimination claim. The failure to award appellate fees in such circumstances would impede the WFEA objective of making the victim of discrimination "whole" by requiring the victim to bear the legal costs of fighting discrimination. Additionally, as we noted in *Watkins,* "[w]ithout an award of reasonable attorney's fees, few victims of discrimination would be in an economic position to advance both their individual interest and the public's interest in eliminating discriminatory employment practices." *Watkins,* 117 Wis. 2d at 764. Thus, we hold that appellate attorney's fees attributable to the underlying employment discrimination claim in a legal malpractice action must also be recoverable by the prevailing plaintiff.

We reject the court of appeals' conclusion that Glamann's appellate attorney's fees were not attributable to any wrongful act by her former attorney, Anderson. But for Anderson's failure to file the employment discrimination claim against Glamann's employer, Glamann would not have had to prove discrimination or subsequently defend issues relating to the discrimination claim raised by both Anderson and St. Paul Fire and Marine Insurance Co. on appeal. In fact, all of the issues raised by defendants before the court of appeals relate to the underlying employment discrimination claim. Even those questions concerning the availability of attorney's fees raised before the court of appeals and this court are attributable to the discrimination claim because recovery of attorney's fees are part of the damages allowed under the WFEA. *Watkins,* 117 Wis. 2d at 754, 756.

Accordingly, we remand to the circuit court for a determination of appellate attorney's fees incurred by Glamann in defending issues related to the discrimination claim in both the court of appeals and supreme court.

*By the Court.*—The decision of the court of appeals is reversed and remanded.