Feleipe HARRIS, Plaintiff-Appellant,†

v.

Ann BOWE, Defendant-Respondent.

Court of Appeals

*No. 92–1701. Submitted on briefs June 2, 1993.—Decided August 24, 1993.*

(Also reported in 505 N.W.2d 159.)

†Petition to review filed.

For the plaintiff-appellant the cause was submitted on the briefs of *Feleipe Harris*.

For the defendant-respondent the cause was submitted on the briefs of *Nelson, Dries & Zimmerman*, by *Christine K. Nelson*, of Brookfield.

Before Wedemeyer, P.J., Sullivan and Schudson, JJ.

WEDEMEYER, P.J.   Feleipe Harris appeals from a judgment dismissing his complaint against Ann T. Bowe for legal malpractice. Harris argues that because there are genuine issues of material fact that have yet to be resolved, the trial court improperly granted Bowe's motion for summary judgment dismissing the complaint. Because Harris presents no genuine issues of material fact, and because Bowe is entitled to a judgment as a matter of law, we affirm.

# I. BACKGROUND

This appeal has its genesis in the death of Muhamad El-Amin on June 6, 1990. Feleipe Harris was arrested as a suspect in the death. Following his arrest, Harris, in an oral statement to the Milwaukee Police, admitted that he had "kicked El-Amin in his butt, in his back and in his chest. El-Amin just laid there with his eyes open — he didn't look good." Harris also admitted to the police that he "went over to El-Amin and stomped on his leg, hip and collarbone area." Harris was subsequently charged with first degree reckless homicide.

Prior to his being arrested and charged, Harris enlisted the aid of attorney Ann T. Bowe. Consequently, Harris was represented by counsel at every stage of his criminal proceedings including that point in time during which he gave his initial statement to the police that he had viciously beaten El-Amin.

On June 8, 1990, Harris waived his right to a preliminary hearing. In conjunction with his waiver, Harris completed a Preliminary Hearing Questionnaire & Waiver form which reads, in relevant part:

> 7.  After carefully discussing this with my attorney, I wish to waive my preliminary hearing.
>
> . . . .
>
> 10.  I have discussed this case and all the matters mentioned in this questionnaire with my attorney, Ann T. Bowe, and I am satisfied with the representation I have received from my attorney.

On July 6, an arraignment was conducted. At the hearing, Harris appeared in person with Bowe and entered a plea of guilty to the charge of first degree

reckless homicide.[1] Following the entry of the plea, the trial court engaged in a lengthy colloquy with Harris regarding his conduct, the crime, his rights, his understanding of the proceedings and the possible sentence. The trial court informed Harris that his admission and guilty plea would result in a conviction:

> The Court:  As soon as you say guilty, okay, you've given up your right to remain silent, and as a matter of fact you've convicted yourself. Do you understand how that works? I mean, if you come to Court and you confess to the judge, you give up your right to have a jury trial. We don't have to have a jury decide whether you did it or not. You've told me you did it. Do you understand that?
>
> The Defendant:  Yes.

During the arraignment, the trial court also went over the Guilty Plea Questionnaire and Waiver of Rights form that Harris had previously signed. The trial court asked Harris whether he had read and understood the form. Harris answered affirmatively. Harris further indicated that he was neither pressured nor promised anything in return for signing the form. Finally, the following exchange occurred:

> The Court:  You've discussed this completely with Ms. Bowe and you decided this is in your best interest to do it this way?
>
> The Defendant:  Yes, I have.
>
> The Court:  You know, that's your decision, not hers or mine or anybody else's. Its yours.

---

[1] The issuance of the charge had been negotiated: for a plea of guilty to first degree reckless homicide, the State would recommend that Harris be sentenced to prison, but would make no recommendation as to the length of the sentence.

The trial court concluded the July 6 hearing by finding that there was a sufficient factual basis to sustain a conviction for first degree reckless homicide and that Harris' plea of guilty to the charge was knowing, voluntary and understanding. Harris was subsequently sentenced to fifteen years in prison, five years less than the maximum for first degree reckless homicide.

Harris filed a notice to pursue post-conviction relief. On appeal he was represented by William J. Tyroler. Tyroler filed a No-Merit Report with this court. Harris filed a response. On October 15, 1991, we reached the following conclusion:

> Based on the record before us, we are of the opinion that any further proceedings on behalf of this defendant would be frivolous and wholly without arguable merit within the meaning of *Anders* and Rule 809.32, Stats. Accordingly, we affirm the judgment of conviction. Attorney Tyroler is therefore relieved of any further representation of Harris in this appeal.

Harris next turned to the civil courts. Harris filed a summons and complaint against Bowe alleging that she had rendered ineffective assistance of counsel during the criminal proceedings. Harris sought compensatory and other damages for Bowe's alleged legal malpractice. Bowe answered the complaint, denied all charges and subsequently moved the trial court for summary judgment.

On May 5, 1992, the trial court entertained Bowe's summary judgment motion. Following submission of briefs and argument by both parties, the trial court concluded that "[t]his is a clear case of where summary judgment is appropriate . . . there is no doubt but what

the performance that Mr. Harris received from the defendant was professional in all regards." A judgment was entered on May 29, 1992, dismissing Harris' complaint. Harris now appeals.

## II. DISCUSSION

■

Harris argues that the trial court erred in granting summary judgment in favor of Bowe. We disagree. The standard of review for summary judgment proceedings has been succinctly stated by this court: "In reviewing a grant of summary judgment, this court applies the same standards as the trial court. A motion for summary judgment should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Thompson v. Threshermen's Mut. Ins. Co.*, 172 Wis. 2d 275, 280, 493 N.W.2d 734, 736 (Ct. App. 1992).

■

In the present case, Harris posits that he has a valid claim for legal malpractice. To be successful under this type of claim, Harris must establish the following: "(1) the existence of an attorney-client relationship, (2) the acts or omissions constituting the alleged negligence, (3) cause and (4) injury." *Estate of Campbell v. Chaney*, 169 Wis. 2d 399, 405, 485 N.W.2d 421, 423 (Ct. App. 1992). Harris' claim does not meet the above standard.

■

In the present case, Harris asserts that Bowe threatened him into accepting a guilty plea for first degree reckless homicide, failed to properly investigate the case, intentionally deceived him and failed to uphold her legal and ethical duties. Our independent review of the record leads us to conclude that Harris'

contentions notwithstanding, Bowe was not negligent in her representation of Harris. We are convinced that Bowe rendered effective counsel during the time in which she represented Harris. The record is clear that Bowe explained to Harris the criminal charge, the proof necessary to convict on the charge and the ramifications of pleading guilty to the charge.

Harris' claim also falls on the third and fourth elements of a malpractice claim. As noted by the supreme court: "To establish causation and injury in a legal malpractice action, the plaintiff is often compelled to prove the equivalent of two cases in a single proceeding . . . ." *Glamann v. St. Paul Fire & Marine Ins. Co.*, 144 Wis. 2d 865, 870, 424 N.W.2d 924, 926 (1988). This requires a plaintiff to prove that, but for the negligence of the attorney, the plaintiff would have been successful in the lawsuit. *Id.* In the present case, this means that Harris had to prove that he was innocent of the first degree reckless homicide charge. Harris, however, voluntarily pleaded guilty to the charge and, therefore, is precluded from satisfying the elements of a legal malpractice action against Bowe.

## III.  CONCLUSION

Because no genuine issue as to any material fact exists, and because Bowe is entitled to summary judgment as a matter of law, the trial court's grant of summary judgment dismissing Harris' complaint must be affirmed.

*By the Court.*—Judgment affirmed.