**Jim MATTSON, Plaintiff–Appellant,**

v.

**Thomas O. SCHULTZ, Defendant–Appellee.**

No. 97–3440.

United States Court of Appeals, Seventh Circuit.

Argued April 14, 1998.

Decided May 27, 1998.

Robert E. Sutton (argued), Milwaukee, WI, for Plaintiff–Appellant.

Mark D. Nelson (argued), Keck, Mahin & Cate, Chicago, IL, James J. Dries, Nelson,

**938**

Dries & Zimmerman, Brookfield, WI, for Defendant–Appellee.

Before POSNER, Chief Judge, and CUDAHY and EASTERBROOK, Circuit Judges.

CUDAHY, Circuit Judge.

The plaintiff appeals from the denial of his motion for a new trial following a jury verdict for the defendant. The plaintiff sued his former lawyer for malpractice in pursuing the plaintiff's age discrimination complaint. This is a diversity case applying Wisconsin law.

After the plaintiff lost his job in 1989, he retained the defendant to represent him in an age discrimination case against his former employer, Green Bay Broadcasting Company. An age discrimination complaint was filed in federal court in 1990 and the matter was settled in March 1994 for $250,000. The plaintiff disputed his lawyer's fee. On that question the lawyer (the defendant here) prevailed in arbitration. (The plaintiff contested the arbitration in state court, *Mattson v. Schultz*, 201 Wis.2d 817, 549 N.W.2d 287 (App.1996), and lost there too.) Then the plaintiff sued the lawyer (our defendant) for malpractice and intentional misrepresentation, claiming that the settlement was inadequate (allegedly $1 million would have been more appropriate) and that his lawyer committed malpractice by inducing the plaintiff to accept it. In the district court the defendant prevailed again, on both counts. Now the plaintiff appeals that decision. The supposed errors, and our discussion, only involve the malpractice count.

In accordance with Badger State precedent in legal malpractice cases, the district court conducted a "trial within a trial" to determine the lawyer's liability. *See Winskunas v. Birnbaum*, 23 F.3d 1264, 1267–68 (7th Cir.1994); *Cook v. Continental Cas. Co.*, 180 Wis.2d 237, 509 N.W.2d 100, 104–06 (App.1993). The plaintiff was required to show both negligent representation by his attorney, and, in order to prove injury, establish the merits of his discrimination claim. *See Winskunas*, 23 F.3d at 1267; *Glamann v. St. Paul Fire & Marine Ins. Co.*, 144 Wis.2d 865, 424 N.W.2d 924, 926 (1988); *Lewandowski v. Continental Cas. Co.*, 88 Wis.2d 271, 276 N.W.2d 284, 287 (1979). The special verdict form asked the jury to determine, as a threshold matter,

> Would Green Bay Broadcasting Company not have discharged James Mattson if Mr. Mattson had been younger than 40 years of age and everything else had remained the same?

R. 31, at 1. If the jury answered "yes" to this question, it was to proceed to consider whether the lawyer was negligent in representing Mattson. The jury answered this question "no," however, resolving the case in the lawyer's favor and mooting the negligence issue.

■ The plaintiff's principal arguments on appeal, as stated most directly in the heading of his appellate brief, are that "under the circumstances, where the district court not only conducted the 'case within a case' but submitted a special verdict question directed to the 'case within a case' it was error not to instruct the jury on the standards of a prima facie case set forth in *McDonnell Douglas v. Green*[, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973),] and to submit a special verdict question phrased as a double negative." Br. & App. of Pl.–Appellant 10. The question whether the jury should have been instructed on the elements of a prima facie case of age discrimination is resolved conclusively against the plaintiff's position by *Gehring v. Case Corp.*, 43 F.3d 340, 343 (7th Cir.1994). The plaintiff would distinguish *Gehring* on the basis that it was not a legal malpractice case; the plaintiff thinks that an understanding of the prima facie case would have helped the jury understand the strength of his case. But the strength of his legal malpractice case was no greater than the strength of his underlying age discrimination claim. "[T]he merits of the malpractice action depend upon the merits of the original claim." *Lewandowski*, 276 N.W.2d at 287. The principles of age discrimination law determine the proper jury instructions regarding the case within a case, *see id.* at 289, so *Gehring* controls. Since the jury found for the defendant on the threshold age discrimination question, we need not decide whether

the prima facie case might have been relevant to the issue of negligence.

The special verdict question was apparently adopted from the language of a jury instruction proposed in *Gehring*, 43 F.3d at 344, amended by adding the word "not" so that an affirmative answer would correspond to a finding for the plaintiff. The record seems to contain only a single brief discussion, between the court and *defense* counsel, regarding the polarity of the special verdict question:

> DEFENSE COUNSEL: Question number 1 appears to have almost a double negative.
>
> THE COURT: It does, counsel, and there isn't any way I could avoid it in order to allow the answer to be yes on the party having the burden.
>
> DEFENSE COUNSEL: I guess I would request then, Your Honor, maybe that be explained to them that, just that, that there's a double negative in there.
>
> THE COURT: I'm not going to get into that, Counsel. I'd lose three-quarters of the jury right there.

Tr. 928. (The appellant did not provide the applicable portion of the transcript in his appendix (violating Circuit Rule 30), *see Palmquist v. Selvik*, 111 F.3d 1332, 1343 (7th Cir.1997); *In re Galvan*, 92 F.3d 582, 583, 585 (7th Cir.1996), and appellant's counsel, Robert Sutton, inaccurately represented to this court that the record shows that *he* had objected to this aspect of the special verdict question, *see* Br. & Short App. of Pl.-Appellant 3, 12; Reply Br. of Pl.-Appellant 2.)

 Under Rule 49(a) of the Federal Rules of Civil Procedure, the formulation of special verdict questions is a matter within the discretion of the trial court. *See United States Fire Ins. Co. v. Pressed Steel Tank Co.*, 852 F.2d 313, 316 (7th Cir.1988). The role of appellate review is to ensure that questions accurately, adequately and clearly state the relevant issues. Ambiguous, biased, misleading or confusing questions may warrant reversal. *See id.*; *see also Bularz v. Prudential Ins. Co. of Am.*, 93 F.3d 372, 377 (7th Cir.1996); *Umpleby v. Potter & Brumfield, Inc.*, 69 F.3d 209, 214 (7th Cir.1995);

James Wm. Moore et al., *Moore's Federal Practice* § 49.11[2][b] (3d ed.1997). Mattson does not specify any reason why the special verdict question is defective other than the claim that it is expressed as a double negative. (Of course the question itself is not in the form of a double negative. Only a verdict for the defendant would result in a double negative.) Mattson does not argue that the form of the question misled or confused the jury, and in fact the parties had ample opportunity to explain the implications of an affirmative or negative answer to the special verdict questions during closing arguments: "In respect to every question that asks you to answer either yes or no, I want you to know that the answer 'yes' is an indication that we have proven our case and the answer 'no' is that we have not proven our case and is an answer that is beneficial to the defendants. It's as simple as that." Tr. 935–36 (plaintiff's counsel); *see also* Tr. 942, 980.

The defendant apparently believes that on appeal Mattson is also arguing that "the jury should not have been asked to decide the merits of the underlying age discrimination case." Br. & Supp.App. of Def.-Appellee 14. The defendant devotes more than six pages of his brief to rebutting that position. But, while that issue seems to have been pressed before the district court in the plaintiff's motion for a new trial, it is not raised in the "statement of issues for review" in the appellant's brief. The confusion evidently stems from the appellant's perfunctory cannibalizing of his memorandum of law in the trial court for use in his appellate brief. *Compare* Br. & App. of Pl.-Appellant 11–13 *with* Mem. of Pl. in Support of Mot. for New Trial 5–7.

Mattson also disputes several of the district court's evidentiary rulings. Our disposition of Mattson's challenge to the jury instructions and the form of the special verdict question makes it unnecessary to consider Mattson's contention that testimony of his expert witness and a report of the Wisconsin Equal Rights Division were improperly excluded, since this evidence only bore on whether the lawyer was negligent, and negligence is irrelevant if the age discrimination claim fails. For the same reason, we need not resolve whether Mattson should have

**940**

been permitted to testify that one of Green Bay Broadcasting's co-owners told Mattson that "if I stepped down and relinquished my title that I could keep my account list, work on special projects with the station manager Mike Watts; that new fresh blood was needed." Tr. 915. The district court sustained the defendant's objection that the statement was hearsay. According to the plaintiff, the statement was admissible as an admission by a party-opponent under Rule 801(d)(2) of the Federal Rules of Evidence. Although Mattson's former employer was not a party-opponent in this case, the trial within a trial might be viewed as a simulation of a trial in which the employer was the opponent. If the jury in a malpractice case is charged with determining what a reasonable trier of fact would have decided if the malpractice plaintiff had been properly represented in the underlying suit, *cf. Helmbrecht v. St. Paul Ins. Co.*, 122 Wis.2d 94, 362 N.W.2d 118, 131 (1985), then the objective of the trial within the trial would be to simulate a trial between the plaintiff and the defendant in the underlying suit. There is authority for the proposition that in a legal malpractice case involving a trial within a trial, the admissibility of evidence depends on whether the evidence would have been admissible in the underlying merits proceeding. *See Kessler v. Gray*, 77 Cal.App.3d 284, 143 Cal.Rptr. 496, 499 (1978). The rationale would be that the evidence is not offered "to prove the truth of the matter asserted," Fed.R.Evid. 801(c), but to demonstrate what would have happened in a hypothetical trial. *See* 4 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* § 32.12 (4th ed.1996). And in fact, when the underlying action has already been tried, the use of the trial transcript in a subsequent malpractice trial is well established. *See Transcraft, Inc. v. Galvin, Stalmack, Kirschner & Clark*, 39 F.3d 812, 818 (7th Cir.1994); 4 Mallen & Smith, *supra*, at § 32.21. Such a transcript might contain admissions by the defendant in the underlying action; so perhaps the alleged admission in this case should have been admitted.

■ But even if the testimony reporting the alleged admission was excluded erroneously, the error was harmless. Here the jury was asked to decide the merits of the

underlying claim. *See, e.g., Glamann*, 424 N.W.2d at 926, 927. The proffered testimony might have been admissible to show the lawyer's negligence, but it was not admissible to establish the merits of Mattson's discrimination claim. With respect to the discrimination claim, the value of the evidence depended on whether the jury believed not only that the co-owner made the statement, but that he meant it; so for this purpose the evidence was hearsay. *Cf. In re Air Crash Disaster*, 86 F.3d 498, 536 (6th Cir.1996).

Affirmed.