PER CURIAM.
¶1 Delores Agne appeals a summary judgment dismissing her legal malpractice claim against attorney Patrick Rowe and Swid Law Offices LLC (collectively, "Swid Law"). Agne argues genuine issues of material fact precluded the circuit court from granting Swid Law's summary judgment motion. We conclude, however, that the undisputed facts show Agne could not prevail on her legal malpractice claim because there was no evidence that Swid Law's conduct caused her any damages. We therefore affirm the circuit court's grant of summary judgment in favor of Swid Law. Nonetheless, we reject Swid Law's assertion that Agne's appeal is frivolous, and we therefore deny its motion for an award of attorney fees and costs under WIS. STAT. RULE 809.25(3) (2015-16).[1]
BACKGROUND
¶2 Agne's brother, Thomas Smith, died on December 22, 2011. At the time of his death, Smith was living at a farmhouse in Nekoosa, which he owned in joint tenancy with Agne. Although the siblings owned the farmhouse property as joint tenants, it is undisputed that Smith had lived alone in the farmhouse for approximately fifteen years before his death, that Agne had not been inside the home for three years before Smith's death, and that Agne had not lived in the home since the early 1980s. Because Agne and Smith owned the farmhouse property as joint tenants, Agne became the sole owner of the property upon Smith's death. See WIS. STAT. § 700.17(2)(a) ("On the death of one of 2 joint tenants, the survivor becomes the sole owner.").
¶3 On December 29, 2011, domiciliary letters for the administration of Smith's estate were issued to Smith's son, Cary Smith, in Wood County case No. 2011PR285. On January 6, 2012, the Estate filed a lawsuit against Agne (Wood County case No. 2012CV20), alleging that, after Smith's death, Agne "immediately and without legal basis took possession of the [farmhouse property], including installing a fence at the entrance to the [property] and changing the locks on the house." The Estate further alleged that Agne had "refused to allow Cary Smith access to the Property" and that her actions had "caused Cary Smith to fear for his physical safety in performing his necessary duties as Personal Representative." Based on these allegations, the Estate asserted claims against Agne for declaratory judgment, wrongful eviction, conversion, and unjust enrichment.
¶4 Both case No. 2011PR285 and case No. 2012CV20 were assigned to Judge Gregory J. Potter. Attorney Stanton Thomas filed an answer in case No. 2012CV20 on Agne's behalf. Thereafter, a stipulation and order was entered in case No. 2012CV20, which provided that neither Agne nor Cary Smith would enter the farmhouse property without Marlene Smith, the appointed key holder. The stipulation further provided that neither party would destroy, alter, or remove any property from the premises.
¶5 Thomas subsequently withdrew from representing Agne, and on March 30, 2012, Agne retained Swid Law to represent her. The retention agreement described the scope of Swid Law's representation as "[l]itigation regarding brother's estate." On April 5, 2012, Agne-without Swid Law's assistance-personally filed a claim against the Estate in case No. 2011PR285, in the amount of $ 106,856.26. Agne asserted she had an interest in various items of personal property located on the farmhouse parcel, specifically: pre-1990 farm equipment, a neon sign, a 1971 Colt 45 revolver, a rifle, a vintage post-hole digger, and a safe. She also claimed the Estate owed her money for lost rent for the farmhouse and other buildings on the property, for boarding a horse on the property, and for the property's cleaning, maintenance, and repair.
¶6 Judge Potter subsequently entered a scheduling order in both case No. 2011PR285 and case No. 2012CV20. The order set a deadline of June 13, 2012, for Agne to identify each item of personal property in which she claimed an ownership interest, to state the basis for her claims of ownership, and to provide any documentation supporting those claims. Thereafter, Swid Law submitted a personal property itemization listing 141 separate items or categories of items in which Agne claimed an ownership interest. As documentation of Agne's ownership, Swid Law submitted a handwritten note listing the model names and serial numbers of seven firearms; a letter from a friend of Agne's late husband, Gordy, asserting that certain firearms had belonged to Gordy and that a player piano and "[o]ther pieces of antique furniture" belonged to Agne; and a letter from a family friend asserting that Agne owned various items located at the farmhouse property, including two paintings, "many art objects and other collectibles from her travels," and "furniture, pictures, glassware, and various family mementoes."
¶7 In July 2012, the Estate served a notice of deposition duces tecum on Agne in case No. 2012CV20. Among other things, the notice directed Agne to bring to her deposition "[a]n inventory of any and all personal property for which she makes a claim for ownership" and "[a]ny documentation supporting those claims." At her subsequent deposition, Agne produced lists of personal property items for which she claimed either a full interest, a half interest, or no interest, as well as a list of items about which she needed more information. She also produced the same documentation supporting her claims that Swid Law had previously submitted to the court. She conceded she had no other documents supporting her claims of ownership. She asserted her aunt had left her additional items in a will, but she did not produce that will, and she admitted she had not informed Swid Law of its existence. She indicated that she might be able to obtain statements from additional individuals-specifically, her relatives-supporting some of her ownership claims, but she conceded that most of her relatives were dead.
¶8 Swid Law subsequently moved to withdraw from representing Agne. In a January 11, 2013 order granting the motion, Judge Potter suspended the prior scheduling order and encouraged Agne to obtain new legal counsel or inform the court why she was unable to do so. One week later, Agne appeared pro se at a scheduling conference in case Nos. 2011PR285 and 2012CV20, during which the court scheduled a hearing on Agne's claims against the Estate for March 4, 2013.
¶9 Agne represented herself during the March 4, 2013 hearing. She did not present any witnesses, aside from herself. She attempted to introduce the same notes and letters that she had previously provided in support of her ownership claims; however, Judge Potter ruled that those documents were inadmissible hearsay. Agne did not introduce any other documents establishing her ownership of the disputed personal property, nor did she provide documentation supporting her claims for money the Estate allegedly owed her for lost rent and other expenses.
¶10 Following Agne's testimony, the Estate moved to dismiss Agne's claims, arguing she had failed to provide any evidentiary support for them. Judge Potter granted the Estate's motion, concluding Agne had failed to show that she owned many of the disputed items of personal property. Judge Potter also concluded Agne had failed to provide any evidence supporting her claims that the Estate owed her money for lost rent and other expenses. However, Judge Potter awarded Agne the property in her childhood bedroom at the farmhouse and any items with her name on them. Judge Potter also ruled that Agne could enter the farmhouse and identify any other property she believed was hers, and she could submit a list of such property to the court by April 7, 2013.
¶11 A subsequent hearing was held in the probate matter on April 17, 2013, at which Agne was represented by attorney Cal Tillisch. During the hearing, it was undisputed that Agne had never made arrangements to access the farmhouse in order to further itemize her personal property claim. Tillisch represented to the court that the only additional item Agne sought-beyond those Judge Potter had already addressed-was a piano with a military sticker on it. On April 18, 2013, Judge Potter signed an order awarding Agne: (1) the items in her childhood bedroom at the farmhouse; (2) any items with her name on them; and (3) any items with a military sticker on them, including the aforementioned piano. Agne did not appeal any of Judge Potter's rulings in case No. 2011PR285.
¶12 In September 2014, Agne filed the instant legal malpractice action against Swid Law in Marathon County.[2] The case was assigned to Judge William F. Kussel, Jr.[3] In her complaint, Agne contended Swid Law was negligent by failing to properly make a claim for her personal property in case No. 2011PR285 and by failing to amend the claim Agne had personally filed. She further alleged that Swid Law's negligence caused her to incur "thousands of dollars" in attorney fees to defend herself against the Estate's claims in case No. 2012CV20.
¶13 While Agne's malpractice case was pending, a jury trial took place in case No. 2012CV20, resulting in a verdict in favor of Agne. Agne subsequently filed an amended complaint in the instant case, asserting Swid Law had failed to properly prepare Agne for her deposition in case No. 2012CV20 and had failed to depose Cary and Marlene Smith, despite Agne's repeated requests. She contended Swid Law's negligence in case No. 2012CV20 caused her to incur legal fees "well in excess of $ 100,000" to defend herself against the Estate's claims. She also alleged that Swid Law had failed to take any action to prevent Cary and Marlene Smith from removing personal property from the farmhouse, contrary to the parties' stipulation in case No. 2012CV20.
¶14 Swid Law moved for summary judgment. Following briefing and oral arguments, the circuit court issued an oral decision granting Swid Law's motion. The court explained that, in order to prevail on her legal malpractice claim, Agne would need to establish the existence of an attorney-client relationship; that Swid Law committed acts or omissions constituting negligence; that Swid Law's actions caused Agne injury; and the nature and extent of the injury. The court conceded that, in Agne's case, there was a factual dispute as to "the scope of the legal representation," which was "intertwined with the professional standard of care." However, the court concluded summary judgment was nevertheless appropriate because there was no evidence that any of Swid Law's alleged errors caused Agne damages. The court explained: "The ownership of the [personal] property was not able to be proved. There was no evidence at the time of the hearings and apparently there was none later, it apparently did not exist." In the alternative, the court concluded Agne's actions in representing herself after Swid Law withdrew were "superseding act[s]" that relieved Swid Law of liability.
¶15 Agne now appeals, arguing the circuit court erred by granting Swid Law summary judgment. Swid Law, in turn, asserts that Agne's appeal is frivolous, and it therefore seeks an award of attorney fees and costs under WIS. STAT. RULE 809.25(3).
DISCUSSION
I. Summary judgment in favor of Swid Law
¶16 We independently review a grant of summary judgment, using the same methodology as the circuit court. Hardy v. Hoefferle , 2007 WI App 264, ¶6, 306 Wis. 2d 513, 743 N.W.2d 843. Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. WIS. STAT. § 802.08(2). "An issue of fact is genuine if a reasonable jury could find for the nonmoving party." Central Corp. v. Research Prods. Corp. , 2004 WI 76, ¶19, 272 Wis. 2d 561, 681 N.W.2d 178.
¶17 To prevail in an action for legal malpractice, a plaintiff must prove four elements: (1) that a lawyer-client relationship existed; (2) that the defendant attorney committed acts or omissions constituting negligence; (3) that the attorney's negligence caused the plaintiff injury; and (4) the nature and extent of injury. Hicks v. Nunnery , 2002 WI App 87, ¶33, 253 Wis. 2d 721, 643 N.W.2d 809. To establish the third and fourth elements, a plaintiff must "prove the equivalent of two cases in a single proceeding or what has been referred to as a 'suit within a suit.' " Glamann v. St. Paul Fire & Marine Ins. Co. , 144 Wis. 2d 865, 870, 424 N.W.2d 924 (1988) (citation omitted). Thus, to establish causation, the plaintiff must prove that, but for the defendant attorney's negligence, the plaintiff would have been successful in the prosecution or defense of the underlying action. Id. To establish the nature and extent of his or her injury, a plaintiff alleging that counsel's negligence resulted in the loss of a claim must establish the value of the lost claim-that is, the amount the plaintiff would have recovered but for the attorney's negligence. Lewandowski v. Continental Cas. Co. , 88 Wis. 2d 271, 277-78, 276 N.W.2d 284 (1979).
¶18 Here, the circuit court conceded there were factual disputes regarding the scope of Swid Law's representation of Agne and whether that representation was negligent. Nonetheless, the court determined summary judgment was warranted because Agne could not prove her "suit within a suit"-in other words, because there was no evidence that Swid Law's alleged negligence caused Agne any injury. We agree with the court's analysis.[4]
¶19 In case No. 2011PR285, Agne asserted claims against the Estate for various items of personal property she claimed to own and for money the Estate allegedly owed her. Agne contends that, but for Swid Law's negligence in failing to file an amended claim on her behalf and failing to properly prepare her for her deposition in case No. 2012CV20, Judge Potter would not have granted the Estate's motion to dismiss her claims. This argument fails, however, because Agne has never-even in the present action-provided any documentation supporting her claims against the Estate.
¶20 With respect to Agne's claim for personal property, it is undisputed that Smith was in possession of each item of disputed personal property at the time of his death. A decedent's possession of personal property is prima facie evidence of the decedent's title to and ownership of the property, and it gives rise to a rebuttable presumption that the decedent was rightly in possession of the property. James v. Kerley , 267 Wis. 105, 119, 65 N.W.2d 9 (1954). One of Agne's own expert witnesses, attorney Raoul Ehr, conceded that, in order to rebut the Estate's prima facie claim of ownership, Agne needed to produce documentation showing that she was the true owner of the items in question. Ehr agreed that, without such documentation, a probate court would properly deny Agne's claim.
¶21 It is further undisputed that, to date, Agne has failed to produce documentation establishing her ownership of any of the disputed items of personal property. Agne was given the opportunity to produce such documentation during the March 4, 2013 hearing in case No. 2011PR285-after Swid Law withdrew from representing her-and she failed to do so.[5] Agne has similarly failed to produce any documentation demonstrating her ownership of the disputed items in the instant malpractice case. In fact, during her deposition in this case, Agne conceded she did not have any documentation supporting her claims of ownership.
¶22 Absent such documentation, Agne could not have prevailed on her claim against the Estate for the disputed personal property. As Swid Law aptly notes, Agne's failure to produce documentary evidence in support of her claim "was not the result of [Swid Law] failing to marshal it together. Rather, this is a case where Agne has no documentation of ownership and could never have met her burden of proof." Consequently, no reasonable jury could conclude that any negligence by Swid Law caused the dismissal of Agne's personal property claim in case No. 2011PR285. As such, Agne failed to establish a genuine issue of material fact as to whether Swid Law's negligence caused the dismissal of that claim.[6]
¶23 We also observe that, in addition to failing to produce evidence of causation with respect to her personal property claim, Agne failed to submit legally sufficient evidence demonstrating the extent of her damages. Wisconsin courts require plaintiffs to prove their damages with reasonable certainty, using a reasonable basis of computation. See Pleasure Time, Inc. v. Kuss , 78 Wis. 2d 373, 387, 254 N.W.2d 463 (1977). Moreover, an essential element of a legal malpractice claim is proof of actual loss; a plaintiff must do more than establish merely speculative harm. 7A C.J.S. Attorney & Client § 366.
¶24 Here, Agne's only evidence regarding the value of many of the disputed items of personal property consisted of sale listings for similar items from websites such as eBay and Craigslist. Agne conceded at her deposition in this case that she simply searched for items on those websites that seemed similar to the items she had claimed in the probate action, but she did not know what differences existed between the claimed items and the items referenced in the internet listings. Furthermore, Swid Law correctly observes that, even if we assume the items in the internet listings were identical to the items Agne claimed, "there is no evidence that the values the sellers sought were what the items were worth" because Agne "presented no evidence that the prices sought by the sellers were the prices that the sellers actually received, or that the item[s] even sold." We therefore agree with Swid Law that Agne's evidence was insufficient to establish the value of her personal property claim against the Estate and, in turn, the extent of the injury she allegedly sustained as a result of Swid Law's negligence.
¶25 As noted above, Agne also asserted in case No. 2011PR285 that the Estate owed her money for lost rent, for boarding a horse, and for the cleaning, maintenance, and repair of the farmhouse property. Agne contends these claims were dismissed as a result of Swid Law's negligence. Again, however, Agne has introduced no evidence that would permit a reasonable jury to conclude Swid Law caused the dismissal.
¶26 With respect to Agne's claims for lost rent and amounts owed for boarding a horse, Judge Potter dismissed those claims because Agne had submitted no evidence demonstrating the amount of rent she could have obtained for the farmhouse property or the cost of boarding a horse. Agne contends Judge Potter refused to accept the evidence she attempted to submit on those subjects because she had failed to produce that evidence at the time of her deposition in case No. 2012CV20, which she claims was due to Swid Law's negligence. However, Swid Law contends-and Agne does not dispute-that to date Agne has not produced any evidence substantiating her claims for lost rent and money owed for boarding a horse. If that evidence existed, it was Agne's responsibility to produce it in response to Swid Law's summary judgment motion in the instant malpractice action. Because Agne failed to do so, no reasonable jury could conclude that Swid Law's negligence caused the dismissal of Agne's claims for lost rent and money owed for boarding a horse.
¶27 As for Agne's claim that the Estate owed her money for the cleaning, maintenance, and repair of the farmhouse property, Judge Potter dismissed that claim because Agne conceded she had not yet incurred some of the claimed expenses and because she had failed to submit any documentation substantiating others. To date, Agne has not produced any documentation supporting her claim for cleaning, maintenance, and repair costs. As a result, a reasonable jury could not conclude that any negligence by Swid Law caused the dismissal of Agne's claim for those amounts.
¶28 Agne also asserts that, as a result of Swid Law's negligence, she was forced to litigate case No. 2012CV20 to a jury trial and incurred over $ 100,000 in attorney fees in the process.[7] However, Agne does not explain why any alleged negligence by Swid Law unnecessarily prolonged the litigation in case No. 2012CV20 or caused her to incur additional attorney fees in that case that she would have otherwise avoided. Nor does Agne cite any expert testimony or other evidence supporting her contention that case No. 2012CV20 would have been resolved sooner absent any negligence by Swid Law.[8] On this record, a reasonable jury could not conclude that Swid Law's alleged negligence caused Agne to incur additional attorney fees in case No. 2012CV20.
¶29 In summary, Agne failed to produce any evidence in response to Swid Law's summary judgment motion that would have permitted a reasonable jury to conclude that Swid Law's alleged negligence caused her any injury. Thus, as a matter of law, Agne could not prevail on her legal malpractice claim against Swid Law. Under these circumstances, the circuit court properly granted Swid Law summary judgment.
II. Swid Law's motion for attorney fees and costs
¶30 Finally, Swid Law has filed a motion asking this court to declare Agne's appeal frivolous and to award Swid Law attorney fees and costs under WIS. STAT. RULE 809.25(3). Swid Law contends Agne's appeal is frivolous because she and her attorneys should have known the appeal had no good faith basis in law or equity. See RULE 809.25(3)(c)2. Swid Law also contends that, because there was no good faith basis for Agne's appeal, it must have been filed in bad faith, solely for the purpose of harassing or maliciously injuring Swid Law. See RULE 809.25(3)(c)1.
¶31 When assessing whether a party's appeal is frivolous, the question is not "whether [the party] can prevail on his claim, but whether the claim is so indefensible that the party or his attorney should have known it to be frivolous." Baumeister v. Automated Prods., Inc. , 2004 WI 148, ¶28, 277 Wis. 2d 21, 690 N.W.2d 1 (citation omitted). In this case, although we affirm the circuit court's summary judgment ruling, we cannot conclude that Agne's challenge to the court's decision was wholly indefensible. While Agne was unsuccessful in her efforts to show there were material questions of fact sufficient to prevent summary judgment in this tort action, that does not mean there was no good faith basis in law or fact for her to raise the issues. When assessing a motion for attorney fees and costs under WIS. STAT. RULE 809.25(3), we must resolve all doubts in favor of finding an appeal nonfrivolous. Baumeister , 277 Wis. 2d 21, ¶28. In addition, we observe there is no evidence in this case indicating that Agne or her attorneys acted solely for the purpose of harassing or maliciously injuring Swid Law. We therefore decline to find Agne's appeal frivolous, and we deny Swid Law's motion for attorney fees and costs.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Agne's complaint also named attorney Scott Swid as a defendant, but he was dismissed from the lawsuit in April 2015.

For the remainder of this opinion, we refer to Judge Kussel as "the circuit court."

As noted above, the circuit court also concluded summary judgment was appropriate because Agne's actions after Swid Law withdrew from representing her were "superseding act[s]" that relieved Swid Law of liability. We need not address this issue because we affirm the court's grant of summary judgment on other grounds. See Turner v. Taylor , 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (court of appeals need not address all issues raised by the parties if one is dispositive).

Although Agne produced some documentation during the March 4, 2013 hearing, Judge Potter ruled that evidence was inadmissible hearsay. Agne did not appeal Judge Potter's decision in case No. 2011PR285 and thus has not challenged his ruling regarding the admissibility of her proffered evidence.

Agne also contends that, as a result of Swid Law's negligence, Cary Smith removed various items from the farmhouse property, contrary to the parties' stipulation in case No. 2012CV20. Again, though, Agne cites no documentation showing that any of the items in question belonged to her. Consequently, she cannot establish that any negligence by Swid Law in failing to prevent the removal of those items or enforce the parties' stipulation caused her any injury.

Agne faults the circuit court for failing to address this aspect of her malpractice claim in its summary judgment ruling. Be that as it may, we independently review a circuit court's decision on a motion for summary judgment. See Hardy v. Hoefferle , 2007 WI App 264, ¶6, 306 Wis. 2d 513, 743 N.W.2d 843. Here, we independently conclude Swid Law was entitled to summary judgment on Agne's claim that its alleged negligence caused her to incur additional attorney fees in case No. 2012CV20.

One of Agne's expert witnesses, attorney John Cabaniss, opined that Swid Law was negligent in its representation of Agne in case No. 2012CV20. However, Cabaniss did not offer any opinion as to whether Swid Law's negligence caused Agne any damages.