Peter PETROPOULOS, Valerie Petropoulos and William Petropoulos, Plaintiffs-Respondents,

v.

CITY OF WEST ALLIS, a municipal corporation, Defendant-Appellant.

Court of Appeals

*No. 88–0996. Submitted on briefs November 1, 1988.—Decided January 12, 1989.*

(Also reported in 436 N.W.2d 880.)

For the plaintiffs-respondents the cause was submitted on the briefs of *Poulos, Sengstock, Wilkoski & Budny, S.C.* by *Joseph J. Dorlack,* of West Allis.

For the defendant-appellant the cause was submitted on the briefs of *Michael J. Sachen,* city attorney, of West Allis.

Before Moser, P.J., Sullivan and Fine, JJ.

MOSER, P.J. The City of West Allis (City) appeals from a judgment awarding $11,000 to Peter, Valerie and William Petropoulos (collectively, Petropoulos) for the improper taking of property that Petropoulos claimed they adversely possessed. The circuit court rendered judgment after concluding that sec. 893.29, Stats. (1979), which provided a twenty-year statute of limitations for adverse possession claims, applied to this case, rather than sec. 893.10, Stats. (1977) and earlier statutes, which provided a forty-year

statute of limitations. We conclude that the forty-year statute of limitations applies here, and we therefore reverse.

The facts of this case are stipulated. In 1923, a building was constructed facing West Greenfield Avenue in the City of West Allis. Its basement extended approximately ten feet under Greenfield Avenue pursuant to a permit issued by the City. Additional permits were issued to Petropoulos and their predecessors, authorizing further alteration and continued occupancy of the building. However, the last paragraph of each of the permits provided as follows:

> It is Hereby Agreed between the undersigned, as owner, his agent or servant, and the City of West Allis, that for and in consideration of the premises and of the permit to construct, erect, alter or install and the occupancy of building as above described, to be issued and granted by the Building Inspector, that the work thereon will be done in accordance with the descriptions herein set forth in this statement, and as more fully described in the specifications and plans herewith filed; and it is further agreed to construct, erect, alter or install and occupy in strict compliance with the ordinances of the City of West Allis; and to obey any and all lawful orders of the Building Inspector of the City of West Allis, and all State laws relating to the construction, alteration, repairs, removal and safety of buildings and other structures and permanent building equipment.

In April 1955, the City's common council adopted Resolution 6197, which stated that the basement area constituted an encroachment on a city street, and ordered Petropoulos' predecessor to remove it within thirty days after service of the order. The order was

served on May 13, 1955. However, the City did not enforce the order, and neither Petropoulos nor their predecessor vacated the underground area.

In the fall of 1983, the City ordered Petropoulos to remove the basement area from the public right-of-way pursuant to sec. 86.04(1), Stats. The City sought to reclaim the property as part of a street improvement project. On October 25, 1983, an agreement was reached between the City and Petropoulos whereby the City would remove the basement area at its own expense. However, no agreement was reached between the parties regarding the relocation of public rest rooms which were situated in the basement area, or any diminution in the value of the building which resulted from the removal of the basement area. The construction work which filled and sealed the area was completed on December 16, 1983.

On May 18, 1984, Petropoulos filed a claim against the City, alleging a wrongful taking of the basement area, which they asserted was their property by virtue of adverse possession. The City answered, denying a wrongful taking, and requesting a dismissal and summary judgment on the ground that Petropoulos' use of the basement area constituted an encroachment which was subject to removal pursuant to sec. 86.04, Stats.

In a decision rendered on October 3, 1985, the circuit court held that Petropoulos' possession of the basement area from 1955 to 1983 was adverse and hostile in nature. The court further held that the applicable statutory period for adverse possession was twenty years, and a taking had thus occurred. The court appointed an appraiser to provide it with an opinion of the value of the building both before and after the taking. The appraiser determined that those values were $230,000 and $219,000 respectively, and neither

party challenged his valuation. A final judgment was entered on April 11, 1988, whereby the court awarded Petropoulos the $11,000 depreciation damages and costs. It is from this judgment that the City appeals.

The City raises several issues before this court, however one is dispositive. That issue is whether sec. 893.10, Stats. (1977), bars Petropoulos' claim of adverse possession. We conclude that it does and reverse the trial court.

## STANDARD OF REVIEW

Resolution of this appeal involves an interpretation of statutes and their application to an undisputed set of facts. This court need not defer to a trial court's interpretation of law.[1] Furthermore, application of a statute to a particular set of facts presents a question of law which an appellate court may decide without deference to the decision of a trial court.[2] Thus, we decide the issue before us *de novo*.

## APPLICATION OF ADVERSE POSSESSION STATUTES

Chapter 323 of the Laws of 1979 created sec. 893.29, Stats., which allows title to real property to be acquired from a city if the property is adversely possessed for an uninterrupted period of twenty years. Chapter 323 also repealed sec. 893.10(1), Stats. (1977), which provided in part: "No title to real property belonging to the state shall be obtained by adverse possession, prescription or

[1]*State ex rel. Klieger v. Alby,* 125 Wis. 2d 468, 472, 373 N.W.2d 57, 60 (Ct. App. 1985).
[2]*Neis v. Board of Educ. of Randolph School Dist.,* 128 Wis. 2d 309, 313, 381 N.W.2d 614, 616 (Ct. App. 1985).

user unless such adverse possession, prescription or user has been continued uninterruptedly for more than 40 years ...." The Judicial Council Committee's Note relating to sec. 893.29 (1979), provides:

> This section is based on present s. 893.10(1), but the period for adverse possession against the state is reduced from 40 to 30 [20] years. The previous provision presumably applied to the property of political subdivisions of the state, but this has been made express in this section. Note that regardless of which of ss. 893.25 to 893.28 apply against a private owner, this section requires 30 [20] years for the obtaining of any rights in public land.

No provision was made for the retrospective application of sec. 893.29.

Of particular importance to this case is our conclusion that adverse possession statutes have prospective application only, and will not be given a retrospective application. They apply where possession is taken after the laws have gone into effect, and compliance with their provisions is necessary to obtain the benefit thereof.[3] Furthermore, adverse possession statutes must necessarily be construed to be prospective because the purpose of adverse possession is not to reward one in possession.[4] Therefore, sec. 893.10, Stats. (1977), provides the proper statute of limitations to be applied in this case.

In order for Petropoulos to succeed on appeal, the facts must support their claim that they adversely

---

[3] 65 Op. Att'y Gen. 207, 212 (October 5, 1976) (citing 2 C.J.S. Adverse Possession sec. 6).

[4] *See generally Polanski v. Town of Eagle Point,* 30 Wis. 2d 507, 141 N.W.2d 281 (1966); Op. Att'y Gen. at 212.

possessed the basement area in dispute for the requisite statutory period.[5] The key date in this case is May 13, 1955. At that time, Petropoulos' predecessors had notice that the City sought to reclaim the basement area under Greenfield Avenue. The City's intent to reclaim the property was expressed again in the fall of 1983. The basement area was filled and sealed by December 16, 1983. Petropoulos' occupancy, combined with that of their predecessor, was approximately eleven and one-half years shy of the forty-year statutory period at the time the area was closed. Therefore, Petropoulos' claim of adverse possession must fail for their inability to satisfy the statutory possession requirement.

On remand, the trial court shall vacate its judgment and grant judgment to the City dismissing the action.

*By the Court.*—Judgment reversed with directions.

---

[5]*See* sec. 893.10(1), Stats. (1977); *Leciejewski v. Sedlak,* 110 Wis. 2d 337, 343, 329 N.W.2d 233, 236 (Ct. App. 1982); *Allie v. Russo,* 88 Wis. 2d 334, 343, 276 N.W.2d 730, 735 (1979).