# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:         2019AP1851

---

Complete Title of Case:

### TIMOTHY M. CASA DE CALVO, JR.,

#### PLAINTIFF-APPELLANT,

#### V.

### TOWN OF HUDSON, MELISSA A. SWANSON AND THAD M. ALBERT,

#### DEFENDANTS-RESPONDENTS.

---

| | |
|---|---|
| Opinion Filed: | September 9, 2020 |
| Submitted on Briefs: | August 12, 2020 |
| Oral Argument: | |

---

| | |
|---|---|
| JUDGES: | Stark, P.J., Hruz and Seidl, JJ. |
| Concurred: | |
| Dissented: | |

---

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Samuel R. Cari* and *Philip A. Helgeson* of *Heywood, Cari & Anderson, S.C.*, Hudson. |
| Respondent ATTORNEYS: | On behalf of the defendant-respondent, Town of Hudson, the cause was submitted on the brief of *Patrick G.Heaney* of *Thrasher, Pelish & Heaney, Ltd.*, Rice Lake. |

**2020 WI App 67**

## COURT OF APPEALS
## DECISION
## DATED AND FILED

### September 9, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

| | |
|---|---|
| Appeal No. **2019AP1851** | Cir. Ct. No. **2017CV340** |
| STATE OF WISCONSIN | IN COURT OF APPEALS |

TIMOTHY M. CASA DE CALVO, JR.,

   PLAINTIFF-APPELLANT,

V.

TOWN OF HUDSON, MELISSA A. SWANSON AND THAD M. ALBERT,

   DEFENDANTS-RESPONDENTS.

APPEAL from a judgment of the circuit court for St. Croix County: EDWARD F. VLACK III, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

¶1      STARK, P.J. Timothy Casa De Calvo, Jr., appeals a summary judgment dismissing his adverse possession claim against the Town of Hudson.[1] The circuit court concluded Casa De Calvo's adverse possession claim failed, as a matter of law, because the parcel in question is held by the Town "for highway purposes" and therefore is not subject to adverse possession, pursuant to WIS. STAT. § 893.29(2)(c) (1987-88).[2] Casa De Calvo argues the court erred because the Town has never used the disputed parcel as a highway and has no intent to do so in the future.

¶2      We conclude the circuit court properly granted the Town summary judgment. It is undisputed that the parcel in question, although not currently used as a highway, was dedicated as a street on a subdivision plat that was recorded in 1986. As such, under WIS. STAT. § 236.29(1), the recorded subdivision plat vested fee simple ownership of the disputed parcel in the Town, which holds that parcel "in trust" for use as a street. We agree with the circuit court that, under these circumstances, the disputed parcel is held by the Town for highway purposes. Consequently, WIS. STAT. § 893.29(2)(c) provides that the parcel is not subject to adverse possession. We therefore affirm the circuit court's decision granting the Town summary judgment.

---

[1] Casa De Calvo's complaint also named Melissa Swanson and Thad Albert, the owners of neighboring property, as defendants. Swanson and Albert do not claim an ownership interest in the parcel that is the subject of Casa De Calvo's adverse possession claim; instead, they want to use that parcel to access their property. Swanson and Albert have not, however, filed a brief in this appeal. The only issue on appeal is whether the circuit court properly granted the Town summary judgment on Casa De Calvo's adverse possession claim.

[2] "[A]dverse possession statutes have prospective application only, and will not be given a retrospective application." *Petropoulos v. City of W. Allis*, 148 Wis. 2d 762, 767, 436 N.W.2d 880 (Ct. App. 1989). The parties therefore agree that because Casa De Calvo's claimed period of adverse possession began in 1987, we must assess his claim using the adverse possession statutes found in the 1987-88 biennium. Accordingly, all references to the Wisconsin Statutes are to the 1987-88 version unless otherwise noted.

## BACKGROUND

¶3      Edgewood Estates III is a subdivision located in the Town.  The subdivision plat of Edgewood Estates III was recorded on March 20, 1986.  A road denominated "Edgewood Drive" runs through Edgewood Estates III in a generally east-west direction.  As platted, Edgewood Drive terminates at the eastern border of the subdivision.  However, it is undisputed that Edgewood Drive has not been improved—in other words, no road has been constructed—beyond the western border of Lot 99, if that border were extended to the north.

¶4      A map of the portion of Edgewood Estates III at issue in this case is reproduced below:



Casa De Calvo owns lots 102, 103, and 104 in Edgewood Estates III.  He purchased those lots in 1986 and built a house on them in 1987.  Casa De Calvo subsequently constructed a driveway on his property.  Around the time that construction of the

3

driveway began, Casa De Calvo learned that the driveway was located on the platted but unimproved portion of Edgewood Drive. Nevertheless, Casa De Calvo continued to improve and use the driveway because he believed the Town was not going to extend Edgewood Drive beyond the point where the paved road stopped. Over the years, Casa De Calvo also maintained the property comprising the platted but unimproved portion of Edgewood Drive by: erecting a fence; putting up "private drive" signs on the fence; planting trees; bringing in dirt, grading the soil, and planting grass seed; mowing; clearing fallen trees; and pulling up buckthorn plants.

¶5      In early 1999, Don Link—who owned lots 98, 99, 100, and 101— approached Casa De Calvo about driving a backhoe over the unimproved portion of Edgewood Drive in order to perform work on Link's property. Casa De Calvo told Link he could not do so because that area was part of Casa De Calvo's yard. Link then raised the issue during a town board meeting on March 3, 1999. During that meeting, an issue also arose as to whether Casa De Calvo's garage and fence were located within "the Town road right-of-way." The town board voted to "assert[] it[]s rights on the Town road as platted in Edgewood Estates known as Edgewood Drive and order[] that the man-made obstructions be removed."

¶6      Casa De Calvo testified at his deposition that the Town never took any additional action regarding his garage or fence. Shortly after the town board meeting, Casa De Calvo purchased Link's lots so that he would not have "any issues with anybody using" the platted but unimproved portion of Edgewood Drive. In 2007, Casa De Calvo sold lots 98, 99, 100, and 101 to Dennis and Teresa Bjornstad. The Bjornstads subsequently sold those lots to Melissa Swanson and Thad Albert.

¶7      On August 15, 2017, Casa De Calvo commenced the instant lawsuit against the Town, Swanson, and Albert, and he subsequently filed an amended complaint in April 2018. Casa De Calvo alleged he had continuously and exclusively occupied and possessed "that portion of the platted but unimproved portion of Edgewood Drive lying East of the approximate West line of Lot 99 extended Northerly" since 1987, and he had therefore obtained title to that property via adverse possession. Accordingly, he asked the circuit court to declare "his interest as fee owner" of that property.

¶8      The parties ultimately filed cross-motions for summary judgment. Casa De Calvo argued the undisputed facts established that he had adversely possessed the platted but unimproved portion of Edgewood Drive for the requisite twenty-year time period, beginning in 1987. The Town, in turn, argued that WIS. STAT. § 893.29(2)(c) barred Casa De Calvo from adversely possessing the property in question because that property was a "highway" or was held by the Town "for highway purposes."

¶9      In April 2019, the circuit court issued a written decision denying the parties' summary judgment motions. As relevant to this appeal, the court determined the platted but unimproved portion of Edgewood Drive did not qualify as a "highway" under the relevant statutory definition. However, the court refused to rule on the issue of whether the property in question was held by the Town "for highway purposes," noting that neither party had addressed "the application of [WIS. STAT. §] 236.29(1)"—which pertains to dedications of property on a recorded plat—"to the issue at hand." Thus, although the court denied the Town's summary judgment motion, it invited the parties to "submit further argument regarding the applicability of [§] 236.29(1)."

5

¶10 The parties then submitted additional briefs addressing WIS. STAT. § 236.29(1). After considering the parties' submissions, the circuit court granted summary judgment in favor of the Town. The court reasoned that because the platted but unimproved portion of Edgewood Drive had been dedicated to the Town for use as a street on a recorded subdivision plat, the property was held by the Town in trust for use as a street under § 236.29(1). As such, the court concluded the platted but unimproved portion of Edgewood Drive was held by the Town for highway purposes under WIS. STAT. § 893.29(2)(c). Accordingly, the court held that § 893.29(2)(c) barred Casa De Calvo from adversely possessing the property in question. Casa De Calvo now appeals, arguing the court erred by granting the Town summary judgment.

## DISCUSSION

¶11 We independently review a grant of summary judgment, using the same methodology as the circuit court. *Hardy v. Hoefferle*, 2007 WI App 264, ¶6, 306 Wis. 2d 513, 743 N.W.2d 843. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2) (2017-18). Here, the circuit court granted summary judgment to the Town based on its interpretation of various statutes. The interpretation of statutes and their application to undisputed facts are questions of law for our independent review. *McNeil v. Hansen*, 2007 WI 56, ¶7, 300 Wis. 2d 358, 731 N.W.2d 273.

¶12 The parties agree that Casa De Calvo's adverse possession claim is governed by WIS. STAT. § 893.25, which pertains to adverse possession claims not founded on written instruments. Under § 893.25(1), a person may commence an

action to establish title to real estate if the person, in connection with his or her predecessors in interest, has been in uninterrupted adverse possession of the real estate for a period of twenty years. In order to constitute adverse possession, "the use of the land must be open, notorious, visible, exclusive, hostile and continuous, such as would apprise a reasonably diligent landowner and the public that the possessor claims the land as his [or her] own." *Pierz v. Gorski*, 88 Wis. 2d 131, 137, 276 N.W.2d 352 (Ct. App. 1979). In addition, the claimant must show that the real estate in question was either protected by a substantial enclosure or usually cultivated or improved. Sec. 893.25(2)(b).

¶13 On appeal, the Town does not argue that Casa De Calvo's use of the platted but unimproved portion of Edgewood Drive was insufficient to satisfy the requirements for adverse possession under WIS. STAT. § 893.25. Instead, the Town argues the circuit court properly concluded that even if Casa De Calvo met those requirements, WIS. STAT. § 893.29 bars him from adversely possessing the property in question, as a matter of law.

¶14 At the time Casa De Calvo began his claimed period of adverse possession in 1987, WIS. STAT. § 893.29(1) provided that title to real property belonging to a town could be obtained by adverse possession under WIS. STAT. § 893.25 if the adverse possession continued for an uninterrupted period of more than twenty years. However, § 893.29(2) set forth various exceptions to that general proposition. As relevant here, § 893.29(2) provided:

> Notwithstanding sub. (1), no title to or interest in any of the following property shall be obtained by adverse possession … :
>
> (c) Real property of a highway as defined in s. 340.01(22) and including property held by the state or a political subdivision for highway purposes, including but not limited

to widening, alteration, relocation, improvement, reconstruction and construction.

¶15    Thus, under the applicable version of WIS. STAT. § 893.29(2)(c), Casa De Calvo was barred from adversely possessing any real property "of a highway," including property held by the Town "for highway purposes."[3]  We agree with the circuit court that the Town holds the platted but unimproved portion of Edgewood Drive "for highway purposes" under § 893.29(2)(c).

¶16    It is undisputed that the property in question was dedicated for public use as a street on the recorded subdivision plat of Edgewood Estates III.  WISCONSIN STAT. § 236.29(1), which describes the effect of recording on dedications, states:

> When any plat is certified, signed, acknowledged and recorded as prescribed in this chapter, *every donation or grant to the public* or any person, society or corporation *marked or noted as such on said plat shall be deemed a sufficient conveyance to vest the fee simple of all parcels of land so marked or noted*, and shall be considered a general warranty against such donors, their heirs and assigns to the said donees for their use for the purposes therein expressed and no other; *and the land intended for the streets, alleys, ways, commons or other public uses as designated on said*

---

[3]  The 1987-88 version of WIS. STAT. § 340.01(22) defined the term "highway" as follows:

> "Highway" means all public ways and thoroughfares and bridges on the same.  It includes the entire width between the boundary lines of every way open to the use of the public as a matter of right for the purposes of vehicular travel.  It includes those roads or driveways in the state, county or municipal parks and in state forests which have been opened to the use of the public for the purpose of vehicular travel and roads or driveways upon the grounds of public schools, as defined in s. 115.01(1), and institutions under the jurisdiction of the county board of supervisors, but does not include private roads or driveways as defined in sub. (46).

The definition of "highway" in § 340.01(22) has not changed since 1987.  *Compare* WIS. STAT. § 340.01(22) (1987-88), *with* WIS. STAT. § 340.01(22) (2017-18).

8

> *plat shall be held by the town, city or village in which such*
> *plat is situated in trust to and for such uses and purposes.*

(Emphasis added.)

¶17 Under the plain language of WIS. STAT. § 236.29(1), the recorded subdivision plat of Edgewood Estates III was sufficient "to vest the fee simple" of the property platted as Edgewood Drive in the Town. Furthermore, the statute provides that the property platted as Edgewood Drive shall be held by the Town "in trust" for use as a street. *See id.* We therefore agree with the circuit court that by virtue of § 236.29(1), the platted but unimproved portion of Edgewood Drive qualifies as property "held by [the Town] for highway purposes" under WIS. STAT. § 893.29(2)(c). Consequently, based on the undisputed facts of this case, § 893.29(2)(c) bars Casa De Calvo from adversely possessing that property, as a matter of law.

¶18 Casa De Calvo argues the platted but unimproved portion of Edgewood Drive does not qualify as property "held by [the Town] for highway purposes" under WIS. STAT. § 893.29(2)(c) because it has never been opened for public use as a highway. In support of that argument, Casa De Calvo observes that the definition of "highway" in WIS. STAT. § 340.01(22) "includes": (1) "the entire width between the boundary lines of every way *open to the use of the public* as a matter of right for the purposes of vehicular travel"; and (2) "those roads or driveways in the state, county or municipal parks and in state forests *which have been opened to the use of the public* for the purpose of vehicular travel." (Emphasis added.) Casa De Calvo therefore argues that in order to be held for highway purposes, land must "be held to be open to the public and be held to allow the entire community access to it."

9

¶19    Casa De Calvo reads WIS. STAT. § 340.01(22) too narrowly. That statute defines the term "highway" to mean "all public ways and thoroughfares and bridges on the same." *Id.* It then lists several specific types of roads that are "include[d]" within that definition, two of which are described as being open for use by the public. The mere fact that the statute defines the term "highway" to include certain types of roads that are open for public use, however, does not mean that it excludes all roads that are not yet open to the public.[4]

¶20    Moreover, the plain language of WIS. STAT. § 893.29(2)(c) supports our conclusion that property held by the government for "highway purposes" under that statute is not limited to property that has already been opened for public use. Section 893.29(2)(c) states that a claimant may not claim title by adverse possession to property that is held by the state or a political subdivision "for highway purposes, including but not limited to widening, alteration, relocation, improvement, reconstruction and construction." If the legislature had intended to preclude adverse possession only of highways already open to public use, it would not have listed "relocation" and "construction" as examples of "highway purposes." To the contrary, the fact that the legislature chose to include "relocation" and "construction" as examples of "highway purposes" in § 893.29(2)(c) shows that it intended to bar adverse possession of property that has been platted for future highway use but has not yet been opened to the public for use as a highway.

---

[4] As a general rule, the word "includes" in a statute "is to be given an expansive meaning, indicating that which follows is but a part of the whole." *State v. James P.*, 2005 WI 80, ¶26, 281 Wis. 2d 685, 698 N.W.2d 95 (citation omitted). "While courts may sometimes read the word 'includes' as a term of limitation or enumeration under the doctrine of *expressio unius est exclusio alterius*, there must be some textual evidence that the legislature intended this doctrine to apply." *Id.* Here, we see no textual evidence that the legislature intended the word "includes" in WIS. STAT. § 340.01(22) to function as a term of limitation.

¶21     Casa De Calvo next argues that in order to determine whether the platted but unimproved portion of Edgewood Drive is held by the Town for highway purposes under WIS. STAT. § 893.29(2)(c), we must consider evidence regarding the Town's intent to open that property for public use as a highway.  He then asserts there is no such evidence in this case, and the evidence instead shows that the Town does not intend to open the platted but unimproved portion of Edgewood Drive for public use.

¶22     In support of his argument that we should consider evidence regarding the Town's intent, Casa De Calvo relies on *City of Kenosha v. Phillips*, 142 Wis. 2d 549, 419 N.W.2d 236 (1988).  The defendant in *Phillips* was charged with operating a motor vehicle while intoxicated (OWI) after he was found passed out behind the wheel of his car, which was parked in a business's employee parking lot.  *Id.* at 551-52.  On appeal, it was undisputed that the defendant could not be convicted of OWI unless the parking lot qualified as "premises held out to the public for use of their motor vehicles."  *See Phillips*, 142 Wis. 2d at 551-52 & n.1 (quoting WIS. STAT. § 346.61).  On appeal, our supreme court concluded the business's employee parking lot had not been held out for such public use.  *Id.* at 552.  In making that determination, the court stated "there must be proof that it was the intent of the owner to allow the premises to be used by the public."  *Id.* at 554.

¶23     *Phillips* is distinguishable because the central issue in that case was whether the property in question was "held out to the public for use of their motor vehicles" under  WIS. STAT. § 346.61.  *See id.* at 551-52 & n.1.  Conversely, the issue in this case is whether the platted but unimproved portion of Edgewood Drive is "held by [the Town] for highway purposes" under WIS. STAT. § 893.29(2)(c).  Nothing in *Phillips*—which addressed a completely unrelated statute and context—requires us to consider evidence of the Town's intent when making that

11

determination. Instead, as explained above, we conclude the Town holds the platted but unimproved portion of Edgewood Drive "for highway purposes" because it holds that property in trust for use as a street under WIS. STAT. § 236.29(1).

¶24     Casa De Calvo also argues the Town does not hold the platted but unimproved portion of Edgewood Drive "for highway purposes" because the Town does not "need" to extend Edgewood Drive beyond its current location. As with the Town's intent, however, the Town's present "need" to extend Edgewood Drive is irrelevant. Under WIS. STAT. § 236.29(1), the Town holds the relevant property in trust for use as a street because it was platted and dedicated as a street on the recorded subdivision map of Edgewood Estates III. Whether the Town presently needs to extend Edgewood Drive beyond its current location is therefore immaterial. The Town holds the platted but unimproved portion of Edgewood Drive in trust for that purpose so that it may do so in the future, if such a need arises.[5]

¶25     Finally, Casa De Calvo notes that the Town has "taken no action to prevent [him] from using the [platted but unimproved portion of Edgewood Drive] as his own." He asserts he is "the person in control of" that property, and he "clearly intended to exclude the public from using the platted and unimproved Edgewood Drive since 1987 by placing his private driveway on it, putting fencing up and placing 'Private Drive' signs up." He argues the Town "cannot now claim that it

---

[5] In arguing that no present need exists to extend Edgewood Drive, Casa De Calvo asserts that the owner of the property directly east of Casa De Calvo's property—Jim Mlinar—"would oppose any extension past [Casa De Calvo's] property line as [Mlinar] has suitable access to his property from" another public road. This argument ignores the fact that Mlinar will not always be the owner of his property, and a future owner may seek to gain access to that property from Edgewood Drive. Casa De Calvo's necessity argument also ignores the fact that the platted but unimproved portion of Edgewood Drive lies directly north of the lots owned by Swanson and Albert. It is undisputed that Swanson and Albert would like to use the platted but unimproved portion of Edgewood Drive to access their property.

12

held this property for highway purposes when since 1999 it has known of Casa De Calvo using the property as his own and [has] done nothing about it."

¶26 Casa De Calvo's use of the platted but unimproved portion of Edgewood Drive is immaterial to our analysis, as is the Town's failure to prevent his use. As explained above, we conclude the property in question is held by the Town for highway purposes because the Town holds the property in trust for use as a street under WIS. STAT. § 236.29(1). As such, Casa De Calvo is barred from adversely possessing the property under WIS. STAT. § 893.29(2)(c). Casa De Calvo's use of the property—whether with or without the Town's knowledge—is therefore irrelevant; based on the plain language of § 236.29(1) and § 893.29(2)(c), Casa De Calvo is barred from adversely possessing the platted but unimproved portion of Edgewood Drive. Accordingly, the circuit court properly granted the Town summary judgment on Casa De Calvo's adverse possession claim.

*By the Court.*—Judgment affirmed.