Aaron R. HARDY, Plaintiff,

Donald HARDY and Tonna Hardy,
Plaintiffs-Respondents,

TAYLOR COUNTY, Weather Shield Health Plan and
Delta Dental of Wisconsin, Inc.,
Involuntary-Plaintiffs,

v.

Gary L. HOEFFERLE and Acuity, a Mutual
Insurance Company, Defendants-Appellants.†

Court of Appeals

*No. 2006AP2861. Submitted on briefs: September 24, 2007.
—Decided November 6, 2007.*

2007 WI App 264

(Also reported in 743 N.W.2d 843.)

† Petition to review denied 2/21/08.

On behalf of the defendants-appellants, Acuity, and Gary L. Hoefferle, the cause was submitted on the briefs of *Terrance E. Davczyk* and *Gottlieb J. Marmet* of *Davczyk & Varline, LLC* of Wausau.

On behalf of the plaintiffs-respondents, Aaron Hardy, Donald Hardy and Tonna Hardy, the cause was submitted on the brief of *Dixon R. Gahnz* of *Pitman, Kyle & Sicula, S.C.* of Watertown.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. BRUNNER, J. Gary Hoefferle appeals a summary judgment dismissing his counterclaim for contri-

bution against Donald and Tonna Hardy in a personal injury case. Hoefferle contends the circuit court erred when concluding that his claims for Donald and Tonna's alleged negligence were statutorily precluded. He also contends the court erred by concluding his counterclaim was barred by a *Loy* release[1] and covenant not to sue. We affirm the summary judgment.

## BACKGROUND

¶ 2. On August 22, 2004, Donald and Tonna's son, Aaron, and Hoefferle were each operating an all-terrain vehicle (ATV) when they collided, both sustaining injuries. Aaron, who was a minor at the time, was not wearing a helmet and suffered significant head injuries. The accident occurred on land owned by Tonna and, in December 2004, an insurance company paid Hoefferle $50,000 for his injuries in exchange for Hoefferle signing a document entitled, "Loy Release/Covenant Not to Sue."

¶ 3. In December 2005, Donald, Tonna, and Aaron commenced this action against Hoefferle, alleging negligence and seeking damages for Aaron's personal injuries. Donald and Tonna also sought damages for their loss of Aaron's "aid, association and companionship."

¶ 4. Hoefferle counterclaimed, alleging that Donald and Tonna negligently supervised Aaron. By stipulation of the parties, Donald and Tonna's claims were dismissed, after which they were bound to the case only by Hoefferle's counterclaim.

¶ 5. Donald and Tonna moved for summary judgment, challenging the merits of the counterclaim and asserting it was precluded by the release Hoefferle

[1] *See Loy v. Bunderson*, 107 Wis. 2d 400, 320 N.W.2d 175 (1982).

signed. The circuit court agreed with Donald and Tonna on both grounds and dismissed the counterclaim. Hoefferle appeals.

## DISCUSSION

¶ 6. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08.[2] We review summary judgments de novo, applying the same methodology as the circuit court. *Park Bancorporation, Inc. v. Sletteland*, 182 Wis. 2d 131, 140, 513 N.W.2d 609 (Ct. App. 1994).

¶ 7. We conclude that, based on the record, summary judgment was appropriate on the merits of Hoefferle's counterclaim. Because Hoefferle's counterclaim fails on the merits, we do not address whether it is also barred by the release.

¶ 8. The basis for Hoefferle's counterclaim is Donald and Tonna's alleged negligent supervision of Aaron and his ATV use. Hoefferle contends that Donald and Tonna were negligent because Aaron was not wearing a helmet at the time of the accident and because they did not require Aaron to obtain an ATV safety certificate by taking a safety course.

¶ 9. Donald and Tonna argue that the legislature has precluded Aaron's failure to wear a helmet from being a basis for negligence. They rely upon WIS. STAT. § 895.049, which states, in relevant part:

> Notwithstanding s. 895.045, failure by a person who operates . . . an all-terrain vehicle . . . to use protective headgear shall not reduce recovery for injuries or

---

[2] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

damages by the person or the person's legal representative in any civil action. This section does not apply to any person required to wear protective headgear under s. 23.33(3g) or 347.485(1).

Hoefferle responds that this statute only applies to damages, not negligence, and that the statute is inapplicable because Aaron was required to wear a helmet under Wis. Stat. § 23.33(3g).

¶ 10. We first address whether Aaron was statutorily required to wear a helmet. Pursuant to Wis. Stat. § 23.33(3g), unless an exception applies, persons under the age of eighteen must wear protective headgear when operating, or a passenger on, an ATV. The exception at issue here is when the ATV "is being operated by a person on land under the management and control of the person's immediate family." Wis. Stat. § 23.33(3g)(d). Land under the management and control of the person's immediate family means "land owned or leased by the person or a member of the person's immediate family over which the owner or lessee has management and control . . . ." Wis. Stat. § 23.33(1)(if). Here, Tonna owned and resided on the land where the accident occurred.

¶ 11. Hoefferle contends that Tonna must present evidence that she was actively managing and controlling the ATV operators at the time of the accident. This assertion finds no support in the language of Wis. Stat. § 23.33(1)(if). There is no evidence suggesting that anyone other than Tonna had management and control of her property. Because Aaron was operating an ATV on property under the management and control of Tonna, he was exempt from having to wear a helmet pursuant to Wis. Stat. § 23.33(3g)(d). Therefore, Wis.

STAT. § 895.049 prohibited Aaron's failure to wear a helmet from reducing his damages.

¶ 12. We next address Hoefferle's contention that WIS. STAT. § 895.049 applies only to damages, not negligence. We conclude that where § 895.049 applies to prohibit a reduction of damages, it necessarily also precludes a person's failure to wear a helmet from being considered a form of negligence. To illustrate why, we refer to the methodology by which damages are reduced when § 895.049 is inapplicable—that is, when a person is statutorily required to wear protective headgear. *See* WIS. STAT. § 895.049.

¶ 13. In *Stehlik v. Rhoads*, 2002 WI 73, 253 Wis. 2d 477, 645 N.W.2d 889, our supreme court explained what it described as the "helmet defense." *Id.*, ¶ 8. Where the "helmet defense" is raised, a jury must make two negligence determinations. *Id.*, ¶ 46. The jury must first determine and allocate "accident negligence," which refers to who caused the accident itself. *Id.* The contributory negligence statute, WIS. STAT. § 895.045, applies to the jury's allocation of "accident negligence" and may reduce or bar the plaintiff's recovery. *Id.*

¶ 14. The amount that remains recoverable after applying the contributory negligence statute is then subject to a second negligence allocation, which our supreme court referred to as "helmet negligence." *Id.* Before engaging in the "helmet negligence" inquiry, a jury must first decide whether the plaintiff's failure to wear a helmet was a causal factor in the plaintiff's injuries. *Id.* If so, the jury must allocate "helmet negli-

gence" between the plaintiff and the defendant.[3] *Id.* The percentage of "helmet negligence" allocated to the plaintiff further reduces the amount otherwise recoverable under the "accident negligence" inquiry. *Id.* However, WIS. STAT. § 895.045's provision barring recovery where a plaintiff's negligence exceeds a defendant's negligence does not apply to a jury's allocation of "helmet negligence." *Id.*

¶ 15. The effect of WIS. STAT. § 895.049 is to exempt certain plaintiffs from the *Stehlik* "helmet negligence" inquiry. This is how § 895.049 prohibits any reduction in damages associated with a person's failure to wear a helmet. By viewing § 895.049 in the context of *Stehlik*, it becomes apparent that § 895.049 necessarily applies not only to the amount of recoverable damages, but also to the allocation of negligence.

¶ 16. This view is reinforced by WIS. STAT. § 901.053, an evidence statute. Where a person is not statutorily required to wear a helmet, § 901.053 prohibits evidence of that fact from being introduced at trial, with certain exceptions.[4] Where evidence of a person's

---

[3] The *Stehlik* court noted that this allocation of "helmet negligence" was similar to, but distinct from, the methodology applicable in "seat belt defense" cases, where the jury must only allocate damages, rather than negligence. *Stehlik v. Rhoads*, 2002 WI 73, ¶¶ 6, 8, 253 Wis. 2d 477, 645 N.W.2d 889.

[4] The text of WIS. STAT. § 901.053 states:

Evidence of use or nonuse of protective headgear by a person, other than a person required to wear protective headgear under s. 23.33(3g) or 347.485(1), who operates or is a passenger on . . . an all-terrain vehicle, as defined in s. 340.01(2g) . . . on or off a highway, is not admissible in any civil action for personal injury or property damage. This section does not apply to the introduction of such evidence in a civil action against the manufacturer or producer of the protective headgear arising out of any alleged deficiency or defect in the design or manufacture of the protective

failure to wear a helmet is not admissible at trial, it would be impossible for that failure to constitute negligence. The circuit court was therefore correct to conclude that the survival of Hoefferle's counterclaim could not rest upon Aaron's failure to wear a helmet.

¶ 17. In addition to Hoefferle's argument on the helmet issue, he refers to Donald and Tonna's failure to require Aaron to undergo ATV safety certification. Pursuant to WIS. STAT. § 23.33(5), certain people must obtain an ATV safety certificate by completing a safety course. Here, Aaron was not required to obtain the safety certificate because he was operating the ATV on property under the management and control of his mother, Tonna. *See* WIS. STAT. § 23.33(5)(c). Regardless of whether Aaron was statutorily required to obtain the safety certificate, Hoefferle argues that a jury should ultimately decide whether Donald and Tonna were negligent for failing to require Aaron to do so.

¶ 18. The safety certificate requirement of WIS. STAT. § 23.33(5) is a creation of the legislature, and the legislature has specified who is required to comply with the requirement. Where a person is not required to obtain a safety certificate, we conclude that person cannot be negligent for failing to do so. Hoefferle essentially implies that a jury should be given the opportunity to supplant the legislature's policy judgment on who should obtain a safety certificate. We disagree.

*By the Court.*—Judgment affirmed.

headgear or, with respect to such use of protective headgear, in a civil action on the sole issue of whether the protective headgear contributed to the personal injury or property damage incurred by another person.