COURT OF APPEALS
DECISION
DATED AND FILED

November 26, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If
published, the official version will appear in
the bound volume of the Official Reports.

A party may file with the Supreme Court a
petition to review an adverse decision by the
Court of Appeals. *See* WIS. STAT. § 808.10
and RULE 809.62.

Appeal No. **2019AP333**

STATE OF WISCONSIN

Cir. Ct. No. 2018CV723

IN COURT OF APPEALS
DISTRICT III

---

ALI H. MARDAN AND MARY K. MARDAN,

PLAINTIFFS-APPELLANTS,

V.

INGIE MARDAN,

DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Brown County:
JOHN ZAKOWSKI, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent
or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Ali and Mary Mardan (collectively, the Mardans)
appeal an order that dismissed their declaratory judgment claims against their

former daughter-in-law, Ingie Mardan (Ingie).  We conclude the circuit court properly dismissed the Mardans' claims on the grounds that they were not ripe for adjudication.  We further conclude the Mardans have failed to show that they were prejudiced by the court's consultation with the judge who presided over the divorce action terminating Ingie's marriage to the Mardans' son, or by the court's consideration of certain documents not of record in this case, but filed in the divorce action.  We therefore affirm.

## BACKGROUND

¶2      The following facts are undisputed.  The Mardans own a duplex in the Town of Ledgeview in Brown County.  Ingie was married to the Mardans' son Aydin, and she and Aydin resided in the duplex together.  The Mardans did not agree to convey any ownership interest in the duplex to Ingie, and no written instrument conveying such an ownership interest exists.

¶3      Aydin ultimately filed for divorce from Ingie in Brown County.  In the divorce action, Ingie asserted in her financial disclosure statement that she had an ownership interest in the duplex.

¶4      The Mardans believed that Ingie's assertion of ownership in the divorce proceedings placed a cloud on their title to the duplex.  As a result, they filed the instant lawsuit under WIS. STAT. §§ 806.04 and 841.01 (2017-18),[1] seeking a declaration that they owned the duplex and that Ingie had no ownership interest in that property.  Ingie filed an answer to the Mardans' complaint, in

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

2

which she acknowledged that the Mardans were the record owners of the duplex. However, Ingie asserted as an affirmative defense that she and Aydin had acquired a legal interest in the duplex during the time that they resided there.

¶5      The Mardans served Ingie with written discovery, including requests for admissions. Ingie did not respond to the requests for admissions. She was therefore deemed to have admitted that: (1) the Mardans purchased the duplex; (2) Ingie did not purchase the duplex or have any deed to the duplex; (3) the Mardans never agreed to sell or otherwise convey any interest in the duplex to Ingie; (4) the Mardans paid real estate taxes on the duplex from 2010 through 2018; and (5) Ingie did not pay real estate taxes on the duplex during any of those years. *See* WIS. STAT. § 804.11(1)(b) (stating that a request for admission is deemed admitted if the party to whom it is directed fails to timely respond).

¶6      The Mardans subsequently filed a motion for declaratory and/or summary judgment. On the same day, Ingie filed a motion to dismiss the Mardans' complaint. In support of that motion, she cited WIS. STAT. § 806.04(6), which provides that a court "may refuse to render or enter a declaratory judgment or decree where such judgment or decree … would not terminate the uncertainty or controversy giving rise to the proceeding." Ingie explained:

> The Plaintiffs' claim is based upon the underlying divorce proceedings involving their son, Aydin Mardan, and the residence where Aydin Mardan and the Defendant, Ingie Mardan[,] previously resided together. On August 31, 2018, the Honorable Tammy Jo Hock entered an order divorcing the parties and dividing the parties' marital property. Subsequent to the entry of that order, the Defendant does not … reside at the property at issue in this case, does not claim to have any interest in the residence at issue in this case, nor does she have any legal recognizable interest in the property. As such, there is no need for a declaratory judgment as sought by the Plaintiffs and alleged in their complaint, because there is no uncertainty or

controversy over who owns the property. As such, under [§] 806.04(6), the Defendant moves to dismiss this action, on its merits, with prejudice and with costs.

¶7 The circuit court granted Ingie's motion to dismiss and denied the Mardans' motion for declaratory and/or summary judgment during a hearing on November 9, 2018. Before announcing its decision, the court indicated that it had spoken to Judge Hock and had considered certain documents that were filed in the divorce action—specifically, Ingie's financial disclosure statement and emails between Aydin and Mary Mardan. The court also observed that Judge Hock had found in the divorce action that Ingie had no interest in the duplex.

¶8 Ultimately, the circuit court reasoned that the prerequisites for granting a declaratory judgment were not satisfied because the Mardans' claims were no longer ripe for adjudication.[2] The court explained there was "[no] question that [Ingie] doesn't have an interest … in the property today" and, accordingly, there was no longer any "controversy" regarding the ownership of the property for the court to resolve. When asked to clarify the basis for its ruling, the court stated, "I'm finding that under both [WIS. STAT. §§ 806.04 and 841.01] there is no need for a declaratory—that a declaratory judgment would not be appropriate[,] and that's the reason for the Court granting the motion to dismiss." The Mardans now appeal.

---

[2] A claim that is no longer ripe for adjudication could also be considered moot. In this case, both the parties and the circuit court addressed the viability of the Mardans' claims as a matter of ripeness, rather than mootness. We therefore do the same.

**DISCUSSION**

## I. Dismissal of the Mardans' claims

¶9      On appeal, the Mardans first argue that the circuit court erred by granting Ingie's motion to dismiss because the allegations in their complaint were legally sufficient to state a claim under both WIS. STAT. §§ 806.04 and 841.01. The Mardans then argue that the court erred by denying their motion for declaratory and/or summary judgment because "[t]he admitted allegations of the Complaint coupled with [Ingie's] deemed admissions" were sufficient to establish, as a matter of law, "that Ingie has never had an interest in" the duplex.

¶10      We assume without deciding that the allegations in the Mardans' complaint were legally sufficient to state a claim. Nevertheless, we conclude the circuit court properly dismissed the Mardans' claims based on its determination that they were not ripe for adjudication.

¶11      When a party moves for summary judgment, as the Mardans did here, the court may grant summary judgment to the opposing party, even though that party did not file a summary judgment motion. *See* WIS. STAT. § 802.08(6). In this case, the circuit court essentially concluded that Ingie was entitled to summary judgment because the undisputed facts established that the Mardans' claims were not ripe. We independently review a grant of summary judgment, using the same methodology as the circuit court. ***Hardy v. Hoefferle***, 2007 WI App 264, ¶6, 306 Wis. 2d 513, 743 N.W.2d 843. A party is entitled to summary judgment if there are no genuine issues of material fact and the undisputed facts show that the party is entitled to judgment as a matter of law. *See* WIS. STAT. § 802.08(2).

¶12    Whether to grant or deny declaratory relief lies within the circuit court's discretion. *Olson v. Town of Cottage Grove*, 2008 WI 51, ¶35, 309 Wis. 2d 365, 749 N.W.2d 211. However, a court must be presented with a justiciable controversy before it may exercise its jurisdiction over a declaratory judgment claim. *Id.*, ¶28. Four factors must be satisfied in order for a declaratory judgment claim to be deemed justiciable. *Id.*, ¶29. Only the fourth factor is at issue here—i.e., whether the issue involved in the controversy is ripe for judicial determination. *Id.* Ripeness presents a question of law that we review independently.[3] *Id.*, ¶38.

¶13    A declaratory judgment claim may be ripe even though the plaintiff has not yet suffered an actual injury. *Id.*, ¶43. Nevertheless, the facts must be "sufficiently developed to allow a conclusive adjudication," so that the court may avoid entangling itself in an abstract disagreement. *Id.* In other words, "[t]he facts on which the court is asked to make a judgment should not be contingent or uncertain." *Id.*

¶14    Here, we agree with the circuit court that by the time of the November 9, 2018 hearing, the Mardans' claims against Ingie were no longer ripe

---

[3] *Olson v. Town of Cottage Grove*, 2008 WI 51, ¶27, 309 Wis. 2d 365, 749 N.W.2d 211, dealt with a declaratory judgment claim under WIS. STAT. § 806.04. In this case, the Mardans asserted declaratory judgment claims under both § 806.04 and WIS. STAT. § 841.01. The circuit court dismissed both of those claims on ripeness grounds.

In their brief-in-chief on appeal, the Mardans do not raise any argument that the ripeness requirement discussed in *Olson* is not applicable to their WIS. STAT. § 841.01 claim. In their reply brief, the Mardans advance a two-sentence argument that even if their § 806.04 claim is not ripe, the court should not have dismissed their § 841.01 claim on ripeness grounds. We decline to address this argument because it is underdeveloped, unsupported by legal authority, and raised for the first time in the Mardans' reply brief. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998); *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

for adjudication. On appeal, it is undisputed that by the date of the hearing, Ingie was no longer claiming an ownership interest in the duplex. Accordingly, the parties' interests were no longer adverse at that time. Thus, by granting the Mardans a declaratory judgment, the circuit court would have merely entangled itself in an abstract disagreement based on hypothetical or contingent facts. *See id.* The court therefore properly determined that the Mardans' claims were no longer ripe.

¶15 The Mardans nevertheless assert that the circuit court should have entered a judgment declaring that Ingie had *never* had an ownership interest in the duplex *at any point in the past*. However, the Mardans do not explain what purpose such a declaration would have served. They contend that Ingie's assertion of ownership during the divorce action created a "cloud on the title [to the duplex] for the period of claimed ownership." If such a cloud was created, it no longer existed at the time of the November 9 hearing, as Ingie no longer claimed an ownership interest in the property at that time. The Mardans do not explain why the court should have entered a declaratory judgment in order to remove a nonexistent cloud on the duplex's title. Moreover, the purpose of a declaratory judgment action is to provide prospective, rather than remedial, relief. *PRN Assocs. LLC v. DOA*, 2009 WI 53, ¶53, 317 Wis. 2d 656, 766 N.W.2d 559.

¶16 We therefore reject the Mardans' argument that the circuit court should have entered a judgment declaring that Ingie never had an ownership interest in the duplex. We instead conclude that the court properly dismissed the Mardans' declaratory judgment claims against Ingie because those claims were no longer ripe for adjudication.

## II.      Consultation with Judge Hock and consideration of documents from the divorce case

¶17      The Mardans also argue that we should reverse the order dismissing their claims because the circuit court's decision was "influenced by an impermissible discussion" with Judge Hock and by the court's improper consideration of documents filed in the divorce case.   The Mardans cite SCR 60.04(1)(g), which states that, subject to certain exceptions, a judge "may not initiate, permit, engage in or consider ex parte communications concerning a pending or impending action."    The Mardans also cite a comment to SCR 60.04(1)(g), which provides that a judge "must not independently investigate facts in a case and must consider only the evidence presented."   SCR 60.04(1)(g) (comment).

¶18      In response, Ingie argues that the circuit court's communication with Judge Hock was permissible under one of the exceptions to the general rule against ex parte communications, which provides that a judge "may consult with other judges or with court personnel whose function is to aid the judge in carrying out the judge's adjudicative responsibilities."   SCR 60.04(1)(g)3.  Ingie also cites *Johnson v. Mielke*, 49 Wis. 2d 60, 75, 181 N.W.2d 503 (1970), in which our supreme court stated, "Generally, a court may take judicial notice of its own records and proceedings for all proper purposes.  This is particularly true when the records are part of an interrelated or connected case, especially where the issues, subject matter, or parties are the same or largely the same."  Based on *Johnson*, Ingie argues the circuit court could properly take judicial notice of documents filed in the divorce case.

¶19    Regardless of whether the circuit court violated SCR 60.04(1)(g) by consulting with Judge Hock and considering documents filed in the divorce case, the Mardans have failed to establish that they were prejudiced by those actions. A party alleging that an ex parte communication has occurred bears the burden of showing that the communication caused prejudice to a material degree. *See Seebach v. PSC*, 97 Wis. 2d 712, 721, 295 N.W.2d 753 (Ct. App. 1980). "[M]aterial error occurs when a party not notified of an ex parte communication is prejudiced by the inability to rebut facts presented in the communication and where improper influence upon the decision-making appears with reasonable certainty." *Id.*

¶20    The alleged errors here did not materially prejudice the Mardans. During the November 9, 2018 hearing, the circuit court notified the parties that it had consulted with Judge Hock and had reviewed documents from the divorce case. The Mardans did not raise any objection that the court's consultation with Judge Hock was an improper ex parte communication, nor did they argue that the court was prohibited from considering documents filed in the divorce proceedings. Furthermore, the Mardans did not seek clarification regarding the court's consultation with Judge Hock or the documents from the divorce case that it considered, nor did they attempt to rebut any information that the court obtained from those sources. Under these circumstances, the Mardans cannot argue that they were "prejudiced by the inability to rebut" any ex parte information that the court considered. *See id.* The record indicates that they had the opportunity to rebut the information, but they declined to do so.

¶21    In addition, the Mardans have not demonstrated "with reasonable certainty" that the ex parte information considered by the circuit court had any effect on its ultimate decision that dismissal was proper because the Mardans'

claims were no longer ripe for adjudication. *See id.* The court noted Judge Hock had found that Ingie had no interest in the duplex. However, Ingie herself had already conceded in the instant case that she had no such ownership interest. The court also stated that Ingie's financial disclosure form in the divorce action "list[ed] [the duplex] as an asset of hers." Again, it is undisputed that by the time of the November 9 hearing Ingie was no longer claiming an ownership interest in the duplex. Finally, while the court considered unspecified emails between Aydin and Mary Mardan, the Mardans do not explain why they were prejudiced by any information contained in those emails. We therefore reject the Mardans' argument that reversal is warranted based on the court's ex parte consultation with Judge Hock or its consideration of documents filed in the divorce case.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.