COURT OF APPEALS
DECISION
DATED AND FILED

August 17, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1883**

STATE OF WISCONSIN

Cir. Ct. No. 2020CV68

IN COURT OF APPEALS
DISTRICT II

---

CITY OF OSHKOSH,

    PLAINTIFF-RESPONDENT,

V.

LOREN'S 41 TRUCK PLAZA LLC,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Winnebago County: KAREN L. SEIFERT, Judge. *Affirmed.*

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Loren's 41 Truck Plaza LLC ("Loren's") appeals a judgment entered after the circuit court granted the City of Oshkosh's ("the City") summary judgment motion.   The circuit court concluded that Loren's violated zoning ordinances and maintained a public nuisance.   Loren's claims that the circuit court erred because:   (1) genuine issues of material fact are in dispute; (2) the City prevented Loren's from complying with the zoning ordinances; and (3) the circuit court did not make findings on the nuisance claim.   We affirm.

## BACKGROUND

¶2     Lorenz Rangeloff bought Loren's 41 Truck Plaza, a 5.83-acre parcel of land, in 2006.   Loren's engaged in towing operations, auto/truck repair, auto/truck sales, and truck/trailer storage.   The property was zoned Urban Industrial with a Planned Development Overlay.

¶3     On May 26, 2017, the City sent Loren's a code violation notice giving Loren's until June 9, 2017 to remedy two violations:   (1) vehicles parked in setbacks; and (2) unregistered, unlicensed, and inoperable vehicles stored in the open.   *See* OSHKOSH, WIS., CODE § 17-36 (public nuisance) (2019).[1]   A follow-up inspection confirmed that Loren's was not in compliance.   Between June and October of 2017, Loren's received five additional code violation notices.   Loren's did not comply with any of the notices.

---

[1] Although the code violation notice is from 2017, the code version in the Record references the 2019 version.  The versions appear to be substantively identical with respect to this provision.   All references to the Oshkosh Municipal Code are to the 2019 version unless otherwise noted.

¶4      On October 18, 2017, the City issued a citation to Loren's for the improper storage of unregistered, unlicensed, and inoperable vehicles.  On May 28, 2019, Loren's and the City agreed to a Specific Implementation Plan Amendment ("SIP Amendment"), and the City dismissed the citation without prejudice.[2]  The SIP Amendment added auto/truck sales as a permitted use on the property, allowed Loren's to significantly expand the outside storage area, and reduced setbacks on the west property line.  In exchange, Loren's was required to: (1) install piling post with cable and landscaping on the west property line; (2) install fencing on the east and south property lines; (3) fully enclose the outdoor storage area with an eight-foot-high code-compliant metal fence; (4) stripe the parking lot and park vehicles in accordance with an attached site plan; (5) ensure all vehicles in parking spaces were in operable condition; and (6) remove the empty sign on the east property line or have signage installed.

¶5      The City of Oshkosh Common Council approved the SIP Amendment on May 28, 2019.  The SIP Amendment, as well as the stipulation dismissing Loren's citation, required Loren's to comply with the conditions in the SIP Amendment by November 25, 2019.  The stipulation provided that if Loren's did not comply with the SIP Amendment by November 25th "further enforcement action" could result.

¶6      On January 24, 2020, the City filed a complaint against Loren's, alleging that Loren's:  (1) failed to comply with the City of Oshkosh Zoning

---

[2] Loren's received SIP Amendments in 2006 and 2008.

Ordinances and specifically the SIP Amendment;[3] and (2) maintained a public nuisance as defined in OSHKOSH, WIS., CODE § 17-36. Specifically, paragraph nine of the complaint alleged that Loren's "has failed to come into compliance with the SIP Amendment and the deadline for compliance has passed." Paragraph ten alleged that Loren's failed to comply with the SIP Amendment because:

> a. No posts or landscaping were installed on the west property line.
>
> b. Fencing was not installed on the east and south property line.
>
> c. Fencing was not installed around the enclosed storage area.
>
> d. The parking lot was not striped and vehicles have not been parked in accordance with the Site Plan.
>
> e. There are vehicles parked on the Property that are inoperable.
>
> f. The empty scale sign on the east property line remains empty.

In paragraph six of its answer, Loren's admitted that it "has not been able to come into compliance" with the SIP Amendment but claimed that "the actions of the [City] have prevented the [conditions] from being completed."

¶7 The City moved for summary judgment, arguing that Loren's violated City of Oshkosh Zoning Ordinances by failing to come into compliance

---

[3] At the summary judgment hearing, the attorney for the City told the circuit court that the City included the underlying zoning violations to give Loren's notice that if Loren's could not comply with the SIP Amendment, Loren's was required to comply with the underlying zoning codes: "If [Loren's] [does] not want to submit for the permits in the SIP--for the site plan, that's okay, [it] just [has] to comply with the underlying zoning code. So … there was that notice in the original complaint."

with the SIP Amendment and underlying zoning ordinances. The City also claimed that it was undisputed that the following conditions on the property created a public nuisance: significant outdoor storage with no mitigating fencing or landscaping, the general disorganization of the parking lot, the failure to abide by property-line setbacks, and the maintenance of abandoned signs.

¶8 In response, Loren's argued that disputed issues of material fact concerning the condition of the property precluded summary judgment on the zoning and public nuisance claims. In the alternative, Loren's claimed that, even if it failed to comply with the SIP Amendment, it failed to do so because the City refused to issue a permit so that it could complete the agreed-upon revisions.

¶9 The circuit court granted the City's motion for summary judgment. In its oral ruling, the court found Loren's admission that it did not comply with the SIP Amendment dispositive:

> [F]rom the Court's perspective the document that I find convincing is the Answer and Affirmative Defense[] number 6 states, answering paragraphs nine and ten of the complaint, admit that the defendant has not been able to come into compliance but affirmatively assert that it is the actions of the plaintiff that have prevented the same from being completed.
>
> The requirement was to have the-- In response to the [C]ity dismissing the zoning violation ticket, there was an agreement to come into compliance with the SIP. And the answer states that it has not come--the defendant has not come into compliance.

The circuit court ordered Loren's to abate all zoning violations and come into compliance with the SIP Amendment within thirty days of the entry of its order. In the alternative, the court ordered Loren's to remove all outdoor storage from the outside of the property to come into compliance with the base standard City of Oshkosh zoning code requirements. In the event Loren's would fail to remedy the

violations, the court granted the City authority to enter the property after the thirty days had elapsed and perform, at Loren's expense, all reasonable actions necessary to bring Loren's into compliance.

## DISCUSSION

¶10 We review a grant of summary judgment de novo, using the same methodology as the circuit court. *Hardy v. Hoefferle*, 2007 WI App 264, ¶6, 306 Wis. 2d 513, 743 N.W.2d 843. The moving party is entitled to judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact[.]" WIS. STAT. § 802.08(2) (2019-20).[4] The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a genuine issue of material fact. *Physicians Plus Ins. Corp. v. Midwest Mut. Ins. Co.*, 2002 WI 80, ¶18, 254 Wis. 2d 77, 646 N.W.2d 777. "A 'material fact' is one that is 'of consequence to the merits of the litigation.'" *Schmidt v. Northern States Power Co.*, 2007 WI 136, ¶24, 305 Wis. 2d 538, 742 N.W.2d 294 (citation omitted).

¶11 The first step in the methodology is to determine whether the pleadings set forth a claim for relief. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). If a claim for relief is stated, we then examine the moving party's submissions to determine whether they establish a prima facie case for summary judgment. *Grams v. Boss*, 97 Wis. 2d 332, 338, 294

---

[4] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

N.W.2d 473 (1980), *overruled on other grounds by* ***Meyers v. Bayer AG, Bayer Corp.***, 2007 WI 99, 303 Wis. 2d 295, 735 N.W.2d 448. If the moving party has established a prima facie case, the opposing party must then establish that there are disputed material facts, or undisputed material facts from which reasonable alternative inferences could be drawn, that entitle such a party to a trial. ***Id.***

¶12 Loren's overall claim is that the circuit court erred when it granted summary judgment because it conflated the SIP Amendment violations with the public nuisance claim. Loren's alleges that the City's claims for violating the zoning ordinances and maintaining a public nuisance were unsupported because the complaint focused on the SIP Amendment violations. Loren's thus claims that the circuit court erred because it relied on Loren's noncompliance with the SIP Amendment to conclude that the property constituted a public nuisance. These allegations incorporate three underlying claims: (1) genuine issues of material fact concerning the condition of the property are in dispute; (2) the City prevented Loren's from complying with the SIP Amendment; and (3) the circuit court did not make findings on the nuisance claim. We begin by analyzing whether disputed issues of material fact preclude summary judgment on the issue of whether Loren's failed to comply with the SIP Amendment and underlying zoning ordinances.

I. *SIP Amendment/Zoning Ordinances*

¶13 Loren's claims that the circuit court erred when it concluded that Loren's violated the SIP Amendment and underlying zoning ordinances because material issues of fact concerning the condition of the property are in dispute. Our analysis starts with a review of the City's evidence that Loren's violated the SIP Amendment and underlying zoning ordinances. In its brief in support of

summary judgment, the City argued there was no dispute that Loren's violated the SIP Amendment because Loren's failed to: (1) install fencing and landscaping on the east and south property lines to mitigate the effects of outdoor storage, *see* OSHKOSH, WIS., CODE §§ 30-74 (conditional use permit required for outdoor storage on property zoned urban industrial); 30-81(B) (outdoor storage may not exceed 500 feet); (2) stripe the parking lot or park/store vehicles within approved areas; (3) install piling post with cable and landscaping on the west property line to mitigate the effects of a reduced five-foot setback, *see* OSHKOSH, WIS., CODE § 30-61(G) (ten-foot side setback required in urban industrial district); and (4) remove abandoned signs from the property, *see* OSHKOSH, WIS., CODE § 30-311(D) (signs must be properly maintained).

¶14 In support, the City submitted an affidavit from Mark Lyons, the Planning Services Manager for the City of Oshkosh. Lyons averred that the property "contains a significant amount of outdoor storage. There is a larger interior storage area in the middle of the site, and there are also semi-trailers stored around the perimeter[.]" Lyons averred that "[u]sing measurement tools from the mapping system utilized by the City as well as reviewing the site map submitted by the Defendant through the SIP Amendment process, the outdoor storage area contained in the middle of the site is over 2 acres." Additionally, the City submitted an aerial photograph from 2018 showing several semi-trailers parked over the property line.

¶15 The City also submitted an affidavit from Brian Slusarek, a Planner for the City of Oshkosh. Slusarek stated that he drove to Loren's on June 12, 2020

and took photographs of the property.[5]  According to Slusarek's affidavit, Loren's was in violation of the SIP Amendment for the following reasons:

> [T]he Defendant has not installed any of the required fencing per the SIP Amendment for the Property, nor has the Defendant even applied for a permit for the fencing.
>
> In addition, Defendant has not planted any additional landscaping nor has the Defendant submitted a landscaping plan to the Department of Community Development as required by the SIP Amendment.
>
> Further, the Defendant has not striped the parking lot and the vehicles that I observed were not parked in the approved areas per the SIP Amendment and the site continues to be the subject of general disorganization.
>
> The Defendant also has not installed piling post and cable on the west property line, nor has the Defendant installed arborvitae trees pursuant to the SIP Amendment.
>
> Finally, the Defendant has not removed the abandoned sign on the Property, nor has the Defendant installed new signage.  The abandoned sign has existed on the Property since at least 2017.

(Numbering omitted.)  We are satisfied that the City's affidavits, along with the June 12, 2020 photographs of Loren's property, establish a violation of the SIP Amendment.  Slusarek's affidavit provides a detailed list showing how Loren's failed to comply with the SIP Amendment.  These violations are confirmed by 2020 photographs, which show no fencing, no landscaping, and abandoned signs.  Loren's failure to comply with the SIP Amendment thus allowed the City to rely on the underlying zoning ordinances.

---

[5] The City submitted, with its Reply brief in support of summary judgment, photographs of the property taken on August 12, 2020.  The circuit court granted Loren's motion to strike the photographs.  We do not consider the August 12th photographs on appeal.

¶16    We also are satisfied that the City provided sufficient evidence of the underlying ordinance violations.  According to Lyons's affidavit, the outdoor storage in the middle of the site was more than two acres.  This is well over the 500 square feet of storage allowed under OSHKOSH, WIS., CODE § 30-81(B).  The 2018 aerial photograph also shows semi-trailers parked over the property line in violation of the ten-foot set-off required by OSHKOSH, WIS., CODE § 30-61(G).  The 2018 photograph is updated by the 2020 photographs showing semi-trailers, vehicles, and other equipment parked haphazardly, as well as abandoned signs.  *See* OSHKOSH, WIS., CODE § 30-311(D) (signs must be properly maintained).  We thus turn to whether Loren's established that there are disputed issues of material fact.[6]

¶17    Loren's challenges Slusarek's statement that Loren's did not submit a landscaping plan to the Department of Community Development.  As proof, Loren's points to an affidavit of Lorenz Rangeloff, the owner of Loren's.  In the affidavit, Rangeloff avers that he submitted plans that "include[d] reference to the landscaping which I would complete."  This fact is not material to the issue of whether Loren's complied with the SIP Amendment.  While Loren's may have submitted a landscaping plan, it does not dispute that no landscaping was planted, which violated the SIP Amendment.  Accordingly, the circuit court properly

---

[6] In its brief opposing summary judgment, Loren's argued that eight disputed facts precluded summary judgment.  On appeal, Loren's has chosen to argue that three of those facts preclude summary judgment.  One of these facts is relevant to the issue of whether Loren's violated the SIP Amendment and underlying zoning ordinances.  The other two facts are relevant to whether Loren's maintained a public nuisance.  We discuss each of these facts in conjunction with the appropriate claim.  We will not discuss the facts Loren's fails to raise in its appellate argument.  *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) (issue not raised on appeal deemed abandoned).

concluded that Loren's violated the SIP Amendment and underlying zoning ordinances.

¶18    In the alternative, Loren's claims that it cannot be held liable for failing to comply with the SIP Amendment because the City prevented Loren's from completing the required work. Loren's contends that the City never issued a permit despite the fact that Loren's made "numerous attempts" to secure one. Loren's argues that, without a permit, it was not able to complete the required work and cannot be held responsible for violating the SIP Amendment.[7]

¶19    In support, Loren's relies on Rangeloff's averment that Loren's could not comply with the SIP Amendment "as a direct result of the fact that the City has refused to … approve the plans which would be necessary to accomplish the renovations envisioned in the SIP." Rangeloff claimed that:

> This is not for Loren's lack of trying; on behalf of Loren's I have submitted numerous drawings and plans but the City has never issued a permit to me to accomplish the same. I have asked the City, repeatedly, to tell me what I have to do to get approved plans and have worked directly with representatives of the City now claiming I am not in compliance. I have told the City, "tell me what to do and I will do it". However, nothing I do has been good enough to get the plans approved and a permit issued.

Rangeloff stated that he was "afraid that, if I just completed the revisions without an approved plan and permit, I would have to undo the work I was completing."

---

[7] Loren's relies on the contract principles of impracticability and failure of a condition subsequent to argue that it cannot be held responsible for violating the SIP Amendment. Loren's did not raise these specific contentions before the circuit court. Accordingly, we decline to address them. *See* **Sprangers v. Greatway Ins. Co.**, 182 Wis. 2d 521, 544-45, 514 N.W.2d 1 (1994) ("The general rule is that issues not raised in the circuit court will not be considered for the first time on appeal.").

He explained that "[t]his is a substantial concern for me as I have done work on other projects within the City that the City has later attempted to make me undo because I did not have proper authorization (even though, in fact, I had)."

¶20 Loren's fails to provide sufficient material facts to show that its failure to comply with the SIP Amendment was due to unreasonable or obstructive behavior by the City. Under the terms of the SIP Amendment, Loren's was required to provide the City with a fully dimensioned and scaled site plan. While Rangeloff alleged that he "submitted numerous drawings and plans," he did not identify what information the alleged drawings and plans contained, who Rangeloff submitted them to, when Rangeloff submitted them, or why the City allegedly rejected them. Significantly, Rangeloff did not allege that he submitted a fully dimensioned site plan as required by the SIP Amendment or applied for the permits necessary to complete the required improvements. Without more, these allegations are insufficient to create a genuine issue of material fact sufficient to defeat summary judgment. *See Helland v. Kurtis A. Froedtert Mem'l Lutheran Hosp.*, 229 Wis. 2d 751, 756, 601 N.W.2d 318 (Ct. App. 1999) (conclusory remarks insufficient to create genuine issue of material fact on summary judgment). We thus turn to Loren's claim that there was insufficient evidence Loren's maintained a public nuisance.

II. *Public Nuisance*

¶21 Loren's claims that the circuit court erred because it did not make any findings on the elements of a public nuisance claim. There are three elements to a tort claim for public nuisance: (1) the existence of the public nuisance; (2) actual or constructive notice of the nuisance; and (3) causation. *Physicians*

*Plus*, 254 Wis. 2d 77, ¶2.  We use these elements to determine whether Loren's maintained a public nuisance.

¶22    The first element necessary to prove liability for maintaining a public nuisance "requires only the existence of the public nuisance itself."  *Id.*, ¶28.  "The circuit court's inquiry appropriately focuses on the dangerous condition, and whether it meets the definition of public nuisance."  *Id.*  In this case, we will apply the definition of public nuisance as it is defined in OSHKOSH, WIS., CODE § 17-36.  *See **Town of Rhine v. Bizzell***, 2008 WI 76, ¶67, 311 Wis. 2d 1, 751 N.W.2d 780 (ordinance provides definition of public nuisance).  OSHKOSH, WIS., CODE § 17-36(B) provides, as material:

> On all residential and non-residential premises in the City, any junk, debris or condition, including, but not limited to: … scrap metal, … inoperable vehicles, motor or recreational ... and inoperable machinery or parts thereof (except when housed inside out of public view), refrigerators, stoves, washing machines, dryers, or other appliances … shall not be allowed on any property by the owner, occupant or person authorized to use same.

As with the SIP Amendment, we begin by reviewing the City's evidence that Loren's maintained a public nuisance.

¶23    The City's support comes from Lyons's affidavit.  Lyons averred that Loren's did not have City approval to operate an auto salvage facility or junkyard.  As we have seen, according to Lyons, the property nonetheless "contains a significant amount of outdoor storage.  There is a larger interior storage area in the middle of the site, and there are also semi-trailers stored around the perimeter[.]"  Lyons stated that his review of the 2018 aerial photograph showed "various items of personal property including abandoned vehicles, abandoned boats, signs, appliances, trailers and RVs are all contained in the

13

outdoor storage area on the Property and that foliage is growing around/through vehicles."

¶24     In response, Loren's argues that summary judgment is inappropriate because genuine issues of material fact are in dispute.  Loren's first disputes the City's allegations that there were abandoned vehicles, abandoned boats, signs, appliances, trailers, and RVs in the outdoor storage area of the property.  In support, it points to Rangeloff's averment that:

> The Property does not have "scrap" nor "parts" on its Property except for such items which are utilized in the Defendant's operations.
>
> ….
>
> All of the vehicles currently on the Property are licensed and in operable condition except short-term wrecks prior to being taken to salvage yards….
>
> There is no scrap metal, inoperable machinery, nor appliances on the Property except as may be necessary from time to time to operate businesses that, necessarily, will require occasional inoperable machinery and parts.

(Numbering omitted.)  These statements do not create a genuine issue of material fact.  Rangeloff admitted that the property contained wrecked vehicles, scrap metal, and inoperable machinery, all of which are violations of OSHKOSH, WIS., CODE § 17-36.  Loren's claims these violations are excused because the items were on the property for business purposes.  Loren's has not provided any legal authority, however, to support this proposition.  Accordingly, we decline to address it further.  *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("Arguments unsupported by references to legal authority will not be considered.").

¶25  Loren's also takes issue with Lyons's averment that Loren's does not have permission to conduct salvage or operate a junkyard on the property. To counter this fact, it points to Rangeloff's claim that Loren's never conducted automobile salvage or operated a junkyard. We fail to see how this creates a material issue of disputed fact. Loren's does not dispute the assertion that it did not have permission to conduct salvage or operate a junkyard. More importantly, this fact is not material. It is undisputed that the property contained wrecked vehicles, scrap metal, and inoperable machinery, regardless of whether Loren's had permission to conduct automobile salvage or operate a junkyard. We thus turn to the second element, whether Loren's had notice.

¶26  Liability for maintaining a public nuisance requires proof that the defendant had actual or constructive notice of the public nuisance. *Physicians Plus*, 254 Wis. 2d 77, ¶29. In this case, Rangeloff's affidavit establishes that Loren's had notice of a public nuisance on the property. As we have seen, Rangeloff admitted that the property contained wrecked vehicles, scrap metal, and inoperable machinery. Moreover, Loren's had notice of a public nuisance on the property as early as May of 2017 when the City sent Loren's a code violation notice for unregistered, unlicensed, and inoperable vehicles stored in violation of OSHKOSH, WIS., CODE § 17-36(B).

¶27  Finally, liability for maintaining a public nuisance requires proof that failure to abate the nuisance was a cause of plaintiff's injuries. *Physicians Plus*, 254 Wis. 2d 77, ¶30. It is undisputed that Loren's violated the City of Oshkosh public nuisance ordinance. The City has the power to enact and enforce its public nuisance ordinance for the "good order of the city, for its commercial benefit, and for the health, safety, and welfare of the public[.]" WIS. STAT. § 62.11(5). The harm in this case is caused by the existence of the nuisance which

15

is by definition a harm to the "health, safety, and welfare" of those who live in the City of Oshkosh. Accordingly, for all of these reasons, we conclude that the City presented sufficient evidence to establish Loren's maintained a public nuisance.

¶28 In sum, Loren's has not satisfied its burden to establish that there are genuine issues of material fact as to whether it failed to comply with the SIP Amendment. Accordingly, the SIP Amendment was not controlling, and the City was entitled to rely on the underlying ordinance violations and public nuisance claim. We conclude that the City presented sufficient credible evidence to establish a prima facie case that Loren's violated the underlying ordinances and maintained a public nuisance. Accordingly, we affirm the circuit court's grant of summary judgment.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.