COURT OF APPEALS
DECISION
DATED AND FILED

June 8, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1376**

STATE OF WISCONSIN

Cir. Ct. No. **2019CV636**

IN COURT OF APPEALS
DISTRICT IV

MADISON AUTO CENTER, LLC,

   PLAINTIFF-APPELLANT,

 V.

DRAKE P. LALLAS,

   DEFENDANT-RESPONDENT.

APPEAL from a judgment of the circuit court for Dane County: VALERIE BAILEY-RIHN, Judge. *Affirmed*.

Before Kloppenburg, Fitzpatrick, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Madison Auto Center, LLC, appeals a summary judgment order that dismissed its claim against Drake Lallas for breach of a

noncompete agreement.[1]  Madison Auto Center argues that the circuit court erred by determining that the noncompete agreement was overbroad and unenforceable as a matter of law.  For the reasons set forth in this opinion, we conclude that the court properly dismissed Madison Auto Center's claim because the noncompete agreement was unenforceable.  We affirm.

¶2      The following facts are undisputed.  Lallas was the general manager for Madison Auto Center's Metro Kia of Madison dealership from 2015 to 2018.  Around the time he began his employment, Lallas entered the noncompete agreement with Madison Auto Center, agreeing that Lallas would not "engage directly or indirectly, personally, as an employee, … [or] stockholder, … in the business of selling or servicing any means of automotive sales or transportation," within 100 miles of, and for a period within one year of leaving employment with, Metro Kia of Madison.

¶3      As general manager, "Lallas was responsible for recruiting and hiring employees, overseeing both new and used car sales, overseeing the finance department, managing the service department, and overseeing accounting and administration at the dealership."

¶4      Lallas left his employment with Metro Kia of Madison on September 19, 2018.  Lallas accepted employment as general manager of a Kia

---

[1] Madison Auto Center's action included other claims against Lallas that survived summary judgment.  Madison Auto Center does not raise any issues on appeal regarding its other claims.  Madison Auto Center appeals the final judgment following trial, which brings before this court the circuit court's prior non-final order granting partial summary judgment.  *See* WIS. STAT. RULE 809.10(4) (2021-22).

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

dealership in Janesville in October 2018. He subsequently accepted employment as general manager of a different Kia dealership in Madison in November 2018.

¶5      Madison Auto sued Lallas for breach of the noncompete agreement, among other claims. Lallas moved for summary judgment, arguing that, as to the claim for breach of the noncompete agreement, the agreement was unenforceable as a matter of law. The circuit court concluded that, based on the facts submitted on summary judgment, the noncompete agreement was broader than necessary to protect Madison Auto Center's interest. The court therefore granted partial summary judgment and dismissed the claim for breach of the noncompete agreement. Madison Auto Center appeals.

¶6      We independently review a circuit court's decision to grant summary judgment, using the same methodology as the circuit court. *Hardy v. Hoefferle*, 2007 WI App 264, ¶6, 306 Wis. 2d 513, 743 N.W.2d 843. Summary judgment is properly granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). "Restrictive covenants are contracts, 'the interpretation of which is a matter of law also reviewed de novo.'" *Diamond Assets LLC v. Godina*, 2022 WI App 47, ¶14, 404 Wis. 2d 404, 979 N.W.2d 586 (citation omitted).

¶7      Under WIS. STAT. § 103.465, a noncompete agreement is enforceable "only if the restrictions imposed are reasonably necessary for the protection of the employer or principal." Sec. 103.465. If any part of the noncompete agreement is unreasonable, the entire agreement is unenforceable. *Diamond Assets*, 404 Wis. 2d 404, ¶15 ("The employer seeking to enforce a

3

restrictive covenant has the burden to show that it is reasonable in all respects…. If the employer does not meet that burden, the covenant is struck in its entirety."). To establish that the terms of a noncompete agreement are reasonably necessary for its protection, the employer must show that: (1) the employer has a protectable interest that justifies the restriction; (2) the restriction has a reasonable time limit; (3) the restriction has a reasonable territorial limit; (4) the restriction is not harsh or oppressive to the employee; and (5) the agreement is not contrary to public policy. *Star Direct, Inc. v. Dal Pra*, 2009 WI 76, ¶20, 319 Wis. 2d 274, 767 N.W.2d 898.

¶8 Madison Auto Center argues that there are genuine issues of material fact as to whether the noncompete agreement's terms were reasonable and necessary for Madison Auto Center's protection. It contends that, in opposition to summary judgment, it offered facts showing that the noncompete agreement was necessary to protect Madison Auto Center from competition based on Lallas's knowledge of Madison Auto Center's most sensitive proprietary information. Madison Auto Center also argues that the plain language of the noncompete agreement was not overbroad because it prohibited only Lallas's employment selling or servicing cars, or working at car dealerships, which Madison Auto Center contends were things Lallas did as the general manager at Metro Kia of Madison.

¶9 Madison Auto Center contends that the one-year time limit was reasonable following Lallas's three years of employment at Metro Kia of Madison. It further contends that there is a genuine issue of material fact as to whether the 100-mile territorial restriction was reasonable. In support, Madison Auto Center relies on Lallas's concession that the internet has expanded the competitive territory for car dealerships and that customers looking to purchase a new car shop

all over Wisconsin and outside the state. It also relies on its own averment that "[i]t is not uncommon for customers to travel 100 miles to purchase a car." Madison Auto contends that the agreement was not harsh or oppressive to Lallas because Lallas could have sought any employment he wished outside of the 100-mile radius.

¶10 Madison Auto Center argues that the circuit court erred by determining that the noncompete agreement was unreasonable prior to allowing a full development of the facts at a trial. In support, it cites language from *Diamond Assets* that the enforceability of a restrictive covenant depends on "'the totality of the circumstances,' not limited to the text of the covenant," which may require "a full opportunity to develop the necessary evidentiary record." *See Diamond Assets*, 404 Wis. 2d 404, ¶¶22-23 (citation omitted). It also cites language from *Techworks, LLC v. Wille*, 2009 WI App 101, 318 Wis. 2d 488, 770 N.W.2d 727, that the reasonableness of a noncompete agreement presents "a question of law to be resolved on the basis of factual findings." *Techworks*, 318 Wis. 2d 488, ¶4 (citation omitted.) Madison Auto Center argues that, here, the circuit court should have granted a trial to develop the totality of the circumstances before determining the enforceability of the noncompete agreement.

¶11 Lallas responds that several of the terms of the noncompete agreement were not reasonably necessary to protect Madison Auto Center and that, therefore, the entire agreement was unenforceable. *See* WIS. STAT. § 103.465. Pertinent to our analysis, Lallas contends that the noncompete agreement prohibited him from non-competitive work for entities that are not competitors, and that the agreement was therefore not reasonably necessary for Madison Auto Center's protection. *See Star Direct*, 319 Wis. 2d 274, ¶56 ("A former employee engaged in a similar but non-competitive enterprise poses little if

5

any additional danger to [the] former employer's business interests than any other member of the public engaged in substantially similar but non-competitive activities."). Lallas asserts that the noncompete agreement would have prohibited Lallas from such non-competitive employment as working as a service technician at a facility specializing in oil changes or at a retail tire store. He argues that, in that type of employment, he would have posed only the type of competition that would be expected from a stranger. *See Lakeside Oil Co. v. Slutsky*, 8 Wis. 2d 157, 163, 98 N.W.2d 415 ("An employer is not entitled to be protected against legitimate and ordinary competition of the type that a stranger could give."). Lallas also contends that the 100-mile radius of the agreement was unreasonable pointing to deposition testimony from Madison Auto Center's co-owner that Kia permitted dealerships to be located with ten miles of each other and that Metro Kia of Madison drew its customers from a 30-mile radius.

¶12 We begin by noting that restrictive covenants "are disfavored at law, and must withstand close scrutiny as to their reasonableness." *See Star Direct*, 319 Wis. 2d 274, ¶19. Moreover, we must construe such covenants in favor of the employee. *Id.* Turning to the test for the reasonableness of the noncompete agreement, we agree with Madison Auto Center that it had a protectable interest in restricting Lallas's employment based on the sensitive information he obtained as general manager of Metro Kia of Madison. *See id.*, ¶¶28-30 (recognizing employer had a protectable interest in restricting activities of its employee "whose base of information and relationships could constitute a threat" to the employer). We conclude, however, that the noncompete agreement at issue is unenforceable as a matter of law because, under the undisputed facts in the record, the scope of the agreement was not reasonably necessary to protect that interest. *See id.*, ¶¶53-58 (holding that scope of restriction was overbroad and not reasonably necessary

to protect employer's interest and, thus, restriction was unenforceable). In particular, we conclude that the summary judgment materials establish that the terms prohibiting Lallas from employment *servicing* automobiles, and extending to a 100-mile range, were not reasonable or necessary to protect Madison Auto Center.

¶13 While the parties dispute much of the meaning and scope of the noncompete agreement, they agree that the plain terms of the agreement prohibited Lallas's employment in automobile sales *or service* within 100 miles of Metro Kia of Madison. More specifically, Madison Auto Center does not dispute Lallas's contention that the noncompete agreement prohibited Lallas from working as a service technician at a facility specializing in oil changes or at a retail tire store. *See Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994) (when an appellant does not reply to a proposition asserted in the respondent's brief, we may take it as a concession).

¶14 We are not persuaded that a restriction broad enough to prohibit Lallas from employment as a service technician at an oil change facility or a retail tire store was reasonably necessary to protect Madison Auto Center's interest. On this point, Madison Auto Center argues only that, as general manager of Metro Kia of Madison, Lallas gained "intimate knowledge" of the service department's "processes and pricing," and that Madison Auto Center has a "strong interest" in preventing Lallas from using that information to compete with it. However, Madison Auto Center does not explain in what way the "intimate knowledge" Lallas gained overseeing Metro Kia of Madison's service department could have allowed Lallas to compete with it as a service technician at a business such as an oil change facility or a retail tire store. Moreover, Madison Auto Center does not point to any facts in the record that would create a material issue of fact on that

issue. Accordingly, on the undisputed facts, the scope of the noncompete agreement was broader than necessary to protect Madison Auto Center's interest.

¶15 Additionally, Madison Auto Center does not point to any facts in the record that would create a material issue of fact as to whether the 100-mile radius was reasonably necessary to protect Madison Auto Center's interests. While Madison Auto Center cites concessions and averments that new car customers generally may search beyond 100 miles when looking for a new car, the only facts in the record specific to Metro Kia of Madison are that it had a customer base of a thirty-mile radius. Accordingly, the summary judgment materials establish that the territorial limit was not reasonably necessary to protect Madison Auto Center.

¶16 We also are not persuaded that the circuit court erred in granting summary judgment rather than allowing further development of the facts at trial. Contrary to Madison Auto Center's argument, nothing in *Diamond Assets* or *Techworks* implies that a court may not determine the enforceability of a noncompete agreement at the summary judgment stage. Indeed, both cases explicitly contemplate that a claim for breach of a noncompete agreement may be dismissed at the summary judgment stage. *See Diamond Assets*, 404 Wis. 2d 404, ¶¶1-2, 34 (holding that the circuit court erred by dismissing claim of breach of noncompete agreement at motion to dismiss stage, because employer "might be able to meet its burden to present evidence showing that the covenant is 'reasonably necessary for the protection of' its business" either "*on summary judgment* or … at trial") (citation omitted and emphasis added); *Techworks*, 318 Wis. 2d 488, ¶7 (explaining that, on review of order granting summary judgment to employee, "[w]e look at the parties' summary[ ]judgment submissions to see if they answer at this stage whether [the] non-compete agreement is valid under Wis.

STAT. § 103.465 or whether there are genuine issues of material fact that need to be resolved before such an assessment may be made").

¶17 Here, Madison Auto Center had the burden to come forward with facts at the summary judgment stage to create an issue of material fact as to whether the terms of the agreement were reasonable. *See Transportation Ins. Co. v. Hunzinger Const. Co.*, 179 Wis. 2d 281, 291-92, 507 N.W.2d 136 (Ct. App. 1993) ("[I]t is the burden of the party asserting a claim on which it bears the burden of proof at trial 'to make a showing sufficient to establish the existence of an element essential to that party's case.'") (citation omitted). As explained above, Madison Auto Center has not shown that there is a material issue of fact as to whether the restriction on Lallas's employment as an automobile service technician, or the scope of the restriction extending 100 miles, were reasonably necessary to protect Madison Auto Center's interests. Accordingly, summary judgment was properly granted to Lallas.

¶18 For the foregoing reasons, the judgment of the circuit court is affirmed.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.